UNITED STATES, Appellee

v

JAMES W. WHITSON, Master Sergeant, U. S. Air Force, Appellant

14 USCMA 324, 34 CMR 104

No. 17,068

December 20, 1963

*Major Hugh J. Dolan* argued the cause for Appellant, Accused. With him on the brief was *Colonel Daniel E. Henderson, Jr.*

*Lieutenant Colonel Robert M. Haynes* argued the cause for Appellee, United States. With him on the brief was *Colonel Emanuel Lewis.*

## Opinion of the Court

QUINN, Chief Judge:

A general court-martial convened at the Royal Air Force Station Bentwaters, Suffolk, England, convicted the accused of fourteen specifications of forgery, in violation of Article 123, Uniform Code of Military Justice, 10 USC § 923, and sentenced him to a bad-conduct discharge, total forfeiture of pay and allowances, reduction to airman basic, and confinement at hard labor for nine months.

At trial, and before the board of review, the accused contended the evidence was insufficient to support the findings of guilty because the writings executed by him were not proper subjects for a charge of forgery under the Uniform Code. This issue was decided against him and he asked this Court to review the determination.

The Airmen's Club, an annex of the American Noncommissioned Officers' Club at the Royal Air Force Station Woodbridge, Suffolk, England, maintained several slot machines. British law and local Air Force regulation apparently authorized use of these gaming devices. Air Force Regulation 176–11, United States Air Force Europe Supplement 1, August 11, 1961. A player hitting a "jackpot" was not paid directly by the machine. Instead, he signed a club form described as a "Pay Out Slip." Among other things, the slip listed the number of the machine on which the jackpot was made, the date, and the player's club card number. The club representative was also required to sign the slip; and it was witnessed by a disinterested person. The winner was then paid from a special fund of $500.00 issued daily to the club representative for jackpot payouts, check cashing, and currency exchange. A payout slip "represent[ed]" money in the fund; and it was counted as such by the Noncommissioned Officers' Club custodian in maintaining his accounts. Periodically, accumulated payout slips were submitted by the custodian to the "Central Accounting" office. The slips were checked, and the club custodian was reimbursed in cash for the face amount of each slip.

Accused was the cashier and master-at-arms at the Airmen's Club. Part of his duties included signing payout slips, and making payments thereon. During September 1962, the club custodian noticed the large number of jackpot payouts by the machines in the Airmen's Club. He discussed his observations with the base commander. Without the accused's knowledge, the machines were adjusted to prevent jackpot combinations from appearing on the payout line. Still, the accused submitted a number of slips for jackpot payouts from the fund entrusted to him. The names of the ostensible winners and witnesses on the payout slips were those of club members, but the signatures were false. A handwriting expert examined fourteen of the slips, and concluded all the writing on them corresponded to known exemplars of the accused's handwriting. Thereafter, the accused was charged with forgery of these fourteen payout slips. The accused contends that this evidence, which was introduced at trial, shows the slips had no apparent legal efficacy, and were not, therefore, the proper subjects of a forgery charge.

Initially, the accused contends the payout slips were an integral part of a gambling transaction and, therefore, could not affect the legal rights of anyone connected with the illegal activity. See United States v Walter, 8 USCMA 50, 23 CMR 274; cf. United States v Sellers, 12 USCMA 262, 272, 30 CMR 262. It is apparent, however, from the evidence that the acts were not carried out as part of the game, and did not establish rights of the participants *inter se;* cf. United States v Lenton, 8 USCMA 690, 25 CMR 194. This part of the accused's attack on the sufficiency of the evidence has no merit.

**325**

Cf. United States v Holt, 7 USCMA 617, 23 CMR 81.

Not every writing containing false information or a false signature is a proper subject for a forgery charge. It must appear the writing has apparent efficacy to create, discharge, transfer, or otherwise affect a legal right or liability. Article 123, Uniform Code of Military Justice, supra; United States v Strand, 6 USCMA 297, 20 CMR 13. According to the evidence, a payout slip represented money in the special fund of the Airmen's Club. It discharged *pro tanto* the accused's liability to the parent club for the cash turned over to him. Additionally, each slip affected the legal liability of the club custodian as to the funds in his possession, and obligated the Central Accounting office to turn over to the Noncommissioned Officer's Club a corresponding amount of money. Writings which relieve one of legal liability for repayment of money due, or which create a right, not otherwise present, to receive money from another, are instruments within the forgery Article. United States v Davis, 12 USCMA 576, 31 CMR 162. The payout slips have both these characteristics, and clearly fall within the scope of Article 123.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.