**UNITED STATES, Appellee,**

v.

**Robert J. KELLER, First Lieutenant, U. S. Marine Corps, Appellant.**

**No. 29,343.**

U. S. Court of Military Appeals.

Sept. 5, 1975.

*Lieutenant H. Neil Broder*, JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Stephen T. Myking*, JAGC, USNR.

*First Lieutenant Ronald J. Waicukauski*, USMCR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress*, USMC.

## OPINION OF THE COURT

FLETCHER, Chief Judge:

We granted review to determine whether the convening authority's failure to set forth his reasons for taking an action which differed from that recommended by his staff judge advocate requires remedial action. At issue is the meaning of paragraph 85*c*, Manual for Courts-Martial, United States, 1969 (Rev.), which provides:

> Ordinarily, the convening authority should accept the opinion of his staff judge advocate or legal officer as to the effect of any error or irregularity respecting the proceedings, as to the adequacy of the evidence, and as to what sentence can legally be approved. However, it is within the particular province of the convening authority to weigh evidence, judge the credibility of witnesses, determine controverted questions of fact that may have been raised in the record, and determine what legal sentence should be approved. In those unusual cases in which a convening authority is in disagreement with his staff judge advocate or legal officer as to the effect of any error or irregularity respecting the proceedings, as to the adequacy of the evidence, or as to what sentence can legally be approved, the convening authority may transmit the record of trial with an expression of his own views and the opinion of his staff judge advocate or legal officer, to the Judge Advocate General of the armed force concerned for advice. In any case which is forwarded to the Judge Advocate General, if the convening authority takes an action different from that recommended by his staff judge advocate or legal officer, he should state the reasons for his action in a letter transmitting the record to the Judge Advocate General (91*a*).[1]

Because the convening authority and staff judge advocate disagreed solely as to

---

1. *See also* Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 91*a*.

whether appellant's adjudged sentence should be reduced as a matter of clemency,[2] appellate government counsel contend that the justification procedure detailed in paragraph 85c, MCM, is not applicable. Further, the Government stresses that a mandatory construction of the Manual requirement that the convening authority furnish his reasons for disagreement in a letter of transmittal to the Judge Advocate General "would improperly fetter the free exercise of the convening authority's discretion." *See United States v. Prince*, 16 U.S.C.M.A. 314, 36 C.M.R. 470 (1966).

The confusion surrounding interpretation of paragraph 85c, MCM, apparently stems from the manner in which two separate and distinct procedures are addressed within the paragraph. The first portion of paragraph 85c, MCM, permits the convening authority to seek additional advice from the Judge Advocate General when a disagreement with his staff judge advocate occurs prior to taking action in the case. This pre-action advice procedure arises only if there is a lack of agreement on the effect of any error or irregularity with respect to the proceedings, if there is a disagreement concerning the adequacy of the evidence, or if there is a dispute over the legality of the sentence.

The second portion of the paragraph places a requirement on the convening authority to forward a letter of transmittal justifying his action whenever he forwards a case to the Judge Advocate General and his action differs from that recommended by his staff judge advocate.

Unlike the pre-action section of paragraph 85c, MCM, the post-action section is not concerned with obtaining additional advice. It best could be described as a justification provision. Also, unlike the advice section of the paragraph, the justification provision is not limited to the specific categories enunciated in the advice section: disagreements over the legality of a sentence, the effect of legal errors during the trial, or

the sufficiency of the evidence. Rather, it becomes operative whenever the convening authority takes an action different from that recommended by his staff judge advocate.

Because the convening authority's action in this case differed from that recommended by his staff judge advocate, the justification provision was triggered. We find nothing in the justification requirement which unduly would hinder the convening authority's exercise of his discretion. Requiring government officials to justify their actions is a healthy procedure which encourages more effective government and enhances the integrity of any criminal justice system. With this in mind, we reaffirm our previous decisions which have construed the justification provision as mandatory rather than discretionary. *United States v. Eller*, 20 U.S.C.M.A. 401, 402, 43 C.M.R. 241, 242 (1971); *United States v. Wetzel*, 19 U.S.C.M.A. 370, 374, 41 C.M.R. 370, 374 (1970).

It readily is apparent that a general justification provision such as that presented in this case is distinguishable from the procedure we condemned in *United States v. Prince, supra*, where a Navy directive required supervisory authorities to justify suspension of a punitive discharge in cases involving larceny or other crimes of moral turpitude. Only when arbitrary conditions which imply a desired result are attached to a justification procedure does the procedure itself become offensive. This is particularly true where the deterrent effect upon which the justification procedure is conditioned is itself illegal.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. Because of the lapse of time, return of the record to the convening authority for compliance with paragraph 85c of the Manual is not deemed appropriate. The Court of Military Review is directed to cure the error by taking remedial action

2. The convening authority approved appellant's dismissal from the service while suspending the confinement and forfeiture portions of the adjudged sentence. The staff judge advocate recommended that the entire sentence be suspended.

with respect to the dismissal in accordance with its sentencing powers under Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c). *See United States v. Glaze,* 22 U.S.C.M.A. 230, 46 C.M.R. 230 (1973); *United States v. Estill,* 9 U.S.C.M.A. 458, 26 C.M.R. 238 (1958).

Senior Judge FERGUSON concurs.

COOK, Judge (dissenting):

As I read paragraph 85*c* of the Manual for Courts-Martial, United States, 1969 (Rev.), it is concerned with instances where there is a disagreement between a convening authority and his staff judge advocate or legal officer and while it may deal with "two separate and distinct procedures," there is only one subject matter, namely a difference as to the law. The very first sentence of the paragraph recognizes the legal expertise of the staff judge advocate or legal officer, qua legal adviser, by pointing out that ordinarily the convening authority should accept his opinion "as to the effect of any error or irregularity respecting the proceedings, as to the adequacy of the evidence, and as to what sentence can legally be approved," which matters are legal questions. After an intervening sentence as to factual exceptions "within the particular province of the convening authority," the Manual paragraph again directs itself to the same subject matter and provides two alternate methods to resolve a difference of opinion on the law. The first is preliminary to the convening authority's formal action on the case, and the second follows his action, but in either event the alternative methods deal only with differences about the law. It is especially important to note that when the paragraph mentions disagreement as to sentence, it emphasizes the legal nature of the sentence, not its appropriateness or any other aspect involving discretion. Yet, the way the majority interprets the last sentence of the paragraph strangles the exercise of clemency by the convening authority in many cases, although here it might benefit this appellant.

Let us suppose that the convening authority wants to exercise clemency but clemency was not recommended by his legal adviser. Under the rule announced by the majority he is obligated to "state reasons for his action" because it would be "different from that recommended by his staff judge advocate or legal officer." In *United States v. Prince,* 16 U.S.C.M.A. 314, 315, 36 C.M.R. 470, 471 (1966), a Navy directive which imposed a comparable restriction was held to be "an improper circumscription of supervisory authorities' statutory powers and, as such, must fall." Citing the earlier opinion in *United States v. Doherty,* 5 U.S. C.M.A. 287, 17 C.M.R. 287 (1954), Judge Ferguson recognized the "unfettered discretion of a convening authority to remit or suspend a [punitive] discharge under . . Article 64," and noted that " 'he is free to exercise his own judgment as to whether the sentence, as he approves it, is excessive and inappropriate.' " *United States v. Prince, supra* at 316, 36 C.M.R. at 472. Finding, as I do, that the majority's interpretation of paragraph 85*c*, MCM, in such instances is an improper restriction on the convening authority's exercise of discretion, I must dissent.

I also disagree with the majority's disposition, which apparently contemplates that the Court of Military Review cure the perceived error by affirming only a suspended sentence. The court-martial included dismissal in the adjudged sentence and the convening authority approved it, without suspension, consistent with the pretrial agreement the accused had submitted to him as expressive of his own view of an appropriate sentence. In these circumstances, I believe appellate disapproval of the dismissal or its suspension only because the convening authority failed to set out the reasons for not accepting his staff judge advocate's recommendation to suspend is unjustified. No one, not the accused, not the court-martial, not the staff judge advocate, not the convening authority, and not the Court of Military Review, has cast doubt on the dismissal as an appropriate part of the sentence. The only question is whether the dismissal should be sus-

pended. Suspension is solely a matter for determination by the convening authority.

The power to suspend has been vested by the Congress in the President, the Secretaries of the services, and the convening authority, but not in an appellate body like the Court of Military Review. In *United States v. Cox*, 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972), this Court recognized a special situation in which the Court of Military Review effected a suspension that the convening authority had not ordered in his action, but which he was legally obligated to direct because of a negotiated pretrial agreement with the accused that provided for suspension. This Court held that, in the interest of conserving judicial time and reducing incidental expenses, the Court of Military Review could have the record show "that which the convening authority was legally bound to do." *Id.* at 72, 46 C.M.R. at 72. Here, the convening authority was not legally bound to suspend; and he could, as he did, reject the staff judge advocate's recommendation to suspend. At the very least, he should be given the opportunity to say why he refused suspension. If, thereafter, the Court of Military Review concludes justice requires that dismissal be eliminated altogether from the sentence, it can reassess the punishment on that basis, but not because it disagrees with the convening authority's reasons for refusing suspension.