**538**

**UNITED STATES**

**v.**

**Airman Basic Edward O. HEARD, III, FR 127–46–4116 3436th Student Squadron Lowry Technical Training Center (ATC).**

**ACM 21770.**

U. S. Air Force Court of Military Review.

11 September 1975.

Appellate counsel for the Accused: Colonel William E. Cordingly, Major John A. Cutts III, and Captain Byron D. Baur.

Appellate counsel for the United States: Colonel C. F. Bennett and Lieutenant Colonel Abraham A. Dash, USAFR.

## DECISION

HERMAN, Judge:

The accused was tried by general court-martial consisting of a military judge sitting alone and, despite his pleas, was convicted of twelve specifications of forgery, in violation of Article 123, Uniform Code of Military Justice, 10 U.S.C. § 923, and one specification of wrongful appropriation, in violation of Article 121, Code, supra. The approved sentence is to be discharged from the service with a bad conduct discharge, to be confined at hard labor for fifteen months, and to forfeit $217.00 per month for fifteen months.

Appellate defense counsel have assigned four errors in their original brief and two supplemental assignments of error, and have invited our attention to sixteen assignments asserted by trial defense counsel, some of which are amplified in the appellate defense brief. We do not deem it necessary to discuss all of the errors assigned, since many are adequately treated in the post-trial review of the staff judge advocate, some are rendered moot by our decision, and some simply lack merit.

■ One assignment of error relates solely to the wrongful appropriation charge (Additional Charge III and its specification). The author of the posttrial review determined that the evidence relating to the subject of this charge, a $350.00 check from the Lowry Air Force Base Credit Union, was the product of the same unlawful search which caused the military judge to exclude a number of other *proffered* exhibits. While the military judge could not have been aware of this fact at the time of his admitting it into evidence, the facts became known to the reviewer after trial. Therefore, the reviewer recommended that, due to the failure of proof of this offense, the findings of guilty thereto should be vacated. In light of this error, as well as the lengthy pretrial confinement of the accused, he also recommended that the sentence be reassessed. He was of the opinion that the confinement should be reduced from 18 to 15 months, that the accused be credited with 40 days pretrial confinement, and that the confinement should be served at the 3320th Retraining Group, Lowry Air Force Base, Colorado. The staff judge advocate agreed with the author of the review with one exception—he was of the opinion that the confinement should be served in the United States Disciplinary Barracks, Fort Leavenworth, Kansas. The convening authority reduced the confinement to 15 months, went further than the recommendations in reducing the period of forfeitures from 18 to 15 months, and accepted the recommendation of the staff judge advocate in designating the place of confinement. It is obvious that the convening authority, by reducing the period of con-

finement to that recommended in the post-trial review, intended to disapprove the finding of guilty to Additional Charge III and its specification, and only inadvertently omitted its disapproval in his action. We may take corrective action to remedy this omission at this level. *United States v. Braxton*, 16 U.S.C.M.A. 504, 37 C.M.R. 124 (1967).

A related matter, raised by neither trial nor the appellate defense counsel, concerns the forty-day credit for pretrial confinement recommended by the writer of the post-trial review. The staff judge advocate's forwarding memorandum did not disagree with this recommendation, and the action of the convening authority did not effectuate it. While the recommendation was somewhat irregular in specifying "credit," yet, it is one manifestly of a clemency nature, and the convening authority was bound to include it in his action or explain in a letter of transmittal his reasons for not doing so. Manual for Courts-Martial, 1969 (Rev.), paragraph 85*c*; *United States v. Keller* (No. 29,343), 23 U.S.C.M.A. 545, 50 C.M.R. 716, 1 M.J. 159, decided Sept. 5, 1975. Since the convening authority took neither course, we shall take corrective action through our power of reassessment of the sentence.

In a supplemental assignment of error, appellate defense counsel assert:

THE SPECIFICATIONS OF EACH OF THE CHARGES, UNDER THE UNIQUE CIRCUMSTANCES OF THIS CASE, FAIL TO STATE OFFENSES, IN THAT THEY FAIL TO ALLEGE SUFFICIENT EXTRINSIC FACTS SHOWING HOW THE INSTRUMENTS COULD BE USED TO PREJUDICE THE LEGAL RIGHTS OF ANOTHER.

Specification 11 of Additional Charge I alleges the forgery of the signature of the accused's commander to a letter requesting issuance of a new identification card. Specification 12 alleges the forgery of the signature of Kevin L. Boos to an Air Force Form 279, Application for Identification Card. Neither specification alleges extrinsic facts showing how such documents could be, or were in fact, used to prejudice the legal rights of another. In oral argument, appellate government counsel conceded that such omissions were fatally defective to these specifications.

■ We are unable to find, within the language of the allegation, that the written instruments used to accomplish the deception had "apparent efficacy to create, increase, diminish, discharge, transfer, or otherwise affect a legal right," of the person alleged in the specification to have been prejudiced. *United States v. Strand*, 6 U.S. C.M.A. 297, 302, 20 C.M.R. 13, 18 (1955). Without the allegation of the requisite extrinsic facts, the specification is legally insufficient to charge an offense under Article 123, Code, supra. *United States v. Johnson*, 39 C.M.R. 944 (AFBR 1968).

■ The remaining ten specifications of Additional Charge I relate to checks for which no extrinsic facts need be alleged to show legal prejudice to another; on their face, they impose a legal liability upon another. *United States v. Plante*, 22 C.M.R. 389, 392 (ABR 1956). Appellate defense counsel orally argued that these specifications must also fall, for a different reason. They urge that, since the accused opened an account in a name not his own, funded it, and drew checks against this account using the signature he provided the bank (albeit a name different from his own), there is no crime committed, save perhaps that related to overdrawing one's account, if provable. Code, supra, Article 123*a*. Counsel contend that the Uniform Commercial Code, Section 3–401 * permits the use of fictitious names for negotiable instruments. Thus, they argue, despite the use of the assumed name of Kevin L. Boos, no legal prejudice resulted to Airman Boos, since the instrument was genuine, as was the signature (according to the signature card at the bank).

* Subparagraph (2) provides: "A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature."

The fallacy in this reasoning is that it looks solely and narrowly to the checking account and the checks. When one views the entire scheme, the obvious intent of the accused was to defraud the bank or Airman Boos of the funds drawn by check. Securing a false identification of an airman currently assigned to his own squadron, and opening a checking account in his name, were part of a much larger plan, the ultimate goal of which was to secure cash and merchandise by fraudulent means. The fact that the accused used the unusual name and the social security number of a known, living person, conflicts directly with his allegation that the name used was intended to be one of "fictitious" character.

 Article 123, Code, supra, was intended to codify the offense of common-law forgery. *United States v. Wilson*, 32 C.M.R. 872 (AFBR 1962); *United States v. Turiano*, 13 C.M.R. 753 (AFBR 1953) and authorities cited therein. Assuming *arguendo* that Airman Boos' name was used as a fictitious drawer, it was recognized at common law that forgery could be committed in the name of a fictitious person. *4 W* Blackstone, Commentaries *250. See also 37 C.J.S. Forgery § 10 (1943); 36 Am.Jur.2d Forgery Sec. 11 (1968). The gist of the offense of forgery is the false making of a writing with an intent to defraud. 2 Wharton's Criminal Law and Procedure, Sec. 621; 37 C.J.S. Forgery §§ 3–4 (1943). For that matter, paragraph 202 of the Manual for Courts-Martial, 1969 (Rev.) recognizes that forgery may be committed through the use of a fictitious name. See also *United States v. Scott*, 457 F.2d 848 (10 Cir. 1972); *United States v. Metcalf*, 388 F.2d 440 (4 Cir. 1968). The admissible evidence of the circumstances preceding and surrounding the making and uttering of the checks in question provide ample basis for a finding that the accused intended to defraud. We find no merit in this argument of appellate defense counsel.

Finally, appellate defense counsel assign as error that the Article 32, Code, supra, investigation was directed by an officer without lawful authority. The staff judge advocate, in an affidavit furnished to this Court, states that he directed this investigation and appointed the investigating officer, through the use of a command line letter. He had received prior blanket authority from the convening authority to initiate Article 32 investigations and appoint the investigating officers, without the necessity for personal discussion of each case. In his affidavit, the staff judge advocate relates that he could not recall discussing this case with the convening authority prior to initiating this investigation.

At trial, the defense did not move for relief based upon an improperly appointed investigating officer. In another post-trial affidavit, trial defense counsel asserts that he had no knowledge of the irregular appointment until after the trial, since the letter of appointment did not raise suspicion, having been signed, "For the Commander." He first became aware of the possible irregularity when he heard the testimony of the staff judge advocate and the convening authority at a later trial of a different accused, where the issue was raised. Trial defense counsel avers that he would have raised the issue in this trial if he had then been aware of the alleged irregularity, but he did not object because of his lack of knowledge.

In the recent case of *United States v. Donaldson*, 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975), the United States Court of Military Appeals reversed findings of guilty where a commanding officer not having Article 15 or summary court-martial jurisdiction over the accused appointed the investigating officer. In that case, timely objection was made at trial by the defense. In rejecting the rationale of the Court of Military Review that it could find no prejudice to the substantial rights of the accused at the trial, the Court quoted from *United States v. Mickel*, 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958), that "on timely objection, [the accused] . . . is entitled to judicial enforcement of his right, without regard to whether such enforcement will benefit him at the trial." The Court of Military Appeals continued, in *Mickel*,

At that stage of the proceedings, he is perhaps the best judge of the benefits he can obtain from the pretrial right. Once the case comes to trial on the merits, the pretrial proceedings are superseded by the procedures at the trial; the rights accorded to the accused in the pretrial stage merge into his rights at trial. *If there is no timely objection to the pretrial proceedings or no indication that these proceedings adversely affected the accused's rights at the trial, there is no good reason in law or logic to set aside his conviction.*

The law demands that an accused, who is aware of error in preliminary procedures, make timely objection to preserve his rights. *From one who is not aware of the error until after trial, we can expect no less than a showing that the pretrial error prejudiced him at the trial.* 26 C.M.R. at 107. (Emphasis added.)

■ In his affidavit, trial defense counsel did not provide any basis for a finding of prejudice to the accused at trial, nor can we glean such prejudice from the record. The lack of objection at trial to this nonjurisdictional defect, coupled with a failure to show prejudice as a result of the irregularity in the appointment of the investigating officer, causes us to decide that this assignment of error is without merit. See also Code, supra, Article 32(*d*).

■ For the reasons stated, the findings of guilty to Specifications 11 and 12 of Additional Charge I, and to Additional Charge III and its specification are set aside. The remaining approved findings, that is, findings of guilty to Additional Charge I and Specifications 1 through 10 thereof, are correct in law and fact. In view of our action, we have reassessed the sentence and determined that only so much as provides for bad conduct discharge, confinement at hard labor for thirteen months and twenty days, and forfeiture of $217.00 per month for fifteen months is appropriate.

The findings of guilty and the sentence, both as modified herein, are

Affirmed.

ROBERTS, Senior Judge, and FORAY, Judge, concur.