UNITED STATES

v.

Specialist Four Ricky C. PHILLIPS, 565–92–4581, U. S. Army, 91st Ordnance Detachment, 708th Maintenance Battalion, APO New York 09185.

CM 432942.

U. S. Army Court of Military Review.

Sentence Adjudged 20 January 1975.

Decided 27 Feb. 1976.

Appellate Counsel for the Accused: CPT Johnny D. Mixon, JAGC; CPT John C. Carr, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Dale L. Anderson, JAGC; CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## DECISION ON FURTHER REVIEW

### PER CURIAM:

The appellant was tried by a general court-martial for one specification of violating a lawful general regulation by wrongfully and unlawfully possessing approximately 276 mini trips, identified as Lysergic Acid Diethylamide (LSD), in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, and for one specification of attempting to violate a lawful general regulation by wrongfully and unlawfully attempting to sell two hundred (200) mini trips of Lysergic Acid Diethylamide (LSD), a controlled substance, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880. The appellant, pursuant to his pleas, was convicted as charged and sentenced to a dishonorable discharge, confinement at hard labor for 18 months, forfeiture of all pay and allowances, and reduction to the grade of Private (E–1). The approved sentence is indicated above.

On 15 September 1975, citing *United States v. Keller*, 23 U.S.C.M.A. 545, 50 C.M.R. 716, 1 M.J. 159 (1975), the United

States Court of Military Appeals, by order, reversed our previous decision of 7 March 1975, and returned the record of trial to The Judge Advocate General of the Army, for remand to the Court of Military Review for curative action with respect to the bad-conduct discharge, in accordance with the court's sentencing powers under Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c).

By direction of The Judge Advocate General, dated 16 September 1975, the record of trial in this case is once again before this Court for further action in accordance with the mandate of the United States Court of Military Appeals.

When the convening authority took his action in the case at bar, it was different from the recommendation of his staff judge advocate that the action include a suspension of the punitive discharge. Consequently, under the provisions of Paragraph 85c, Manual for Courts-Martial, United States, 1969 (Revised edition), the convening authority should have stated his reasons for taking a different action. *United States v. Keller, supra.* Upon considering the requirements of the order "for curative action with respect to the bad-conduct discharge," the opinions cited by the Court of Military Appeals and the entire record of trial, we conclude that a new review and action is the most appropriate action in this case. In reaching this conclusion, this Court is unaware of any specific power that we possess to suspend a punitive discharge unless an unsuspended discharge is erroneous as a matter of law.* Additionally, we so act, fully aware of the delay involved, but in our judgment this disposition will place the determination of a proper sentence, under these unique circumstances, in the most appropriate forum, which has full powers to consider and approve all the possible curative measures. In addition, if it is considered that this is an unnecessarily protracted procedure, this Court looks to other appropriate judicial, executive, or congressional agencies to correct any possible perceived defect in this Court's procedural

powers (whether they may be apparent or inherent powers).

Accordingly, the action of the convening authority, dated 8 February 1975, is hereby set aside and the record of trial is returned to The Judge Advocate General for a new review and action.

## UNITED STATES

---

* *United States v. Cox,* 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972).