**UNITED STATES**

v.

**Gerald F. MARCH, 554 15 2146, Private First Class (E–2) U. S. Marine Corps.**

**NCM 77 0056.**

U. S. Navy Court of Military Review.

Sentence Adjudged 26 July 1976.

Decided 15 Feb. 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LT COL P. N. Kress, USMC, Appellate Government Counsel.

Before MURRAY, Senior Judge, and MALLERY and GREGORY, JJ.

MURRAY, Senior Judge:

We find that the sentence in this case which includes an unsuspended punitive discharge is inappropriately severe. Exercising the authority which was recognized by another panel of this Court in the case of

*United States v. Silvernail,* 1 M.J. 945 (N.C.M.R.1976) *cert. dismissed* No. 32,530 (U.S.C.M.A. 26 August 1976), we will suspend the punitive discharge in this instance.

Accordingly, the findings and only so much of the sentence as provides for confinement at hard labor for three months, forfeiture of $240.00 pay per month for three months, reduction to pay grade E–1, and a bad conduct discharge suspended for the actual period of confinement and six months thereafter are affirmed.

Judge MALLERY concurs.

GREGORY, Judge (dissenting):

The favorable recommendations concerning this appellant, particularly by his battalion commander, provide strong arguments for suspension of the adjudged bad conduct discharge. I do not believe, however, that this Court has the power to suspend a sentence.

As noted by the majority, another panel of this Court has held that the Courts of Military Review possess the inherent power to suspend sentences. *United States v. Silvernail,* 1 M.J. 945 (N.C.M.R.1976), *cert. dismissed* No. 32,530 (U.S.C.M.A. 26 Aug. 1976). I recognize also that the majority opinion in *United States v. Keller,* 23 U.S.C. M.A. 545, 50 C.M.R. 716, 1 M.J. 159 (1975), implied that such inherent power may be present. In my opinion, however, the law presently holds that appellate bodies, such as the Courts of Military Review, do not have the power to suspend sentences. *See United States v. Cox,* 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972); *United States v. Glaze,* 22 U.S.C.M.A. 230, 46 C.M.R. 230 (1973); *United States v. Estill,* 9 U.S.C.M.A. 458, 26 C.M.R. 238 (1958); *United States v. Simmons,* 2 U.S.C.M.A. 105, 6 C.M.R. 105 (1952). *See also United States v. Keller, supra,* dissenting opinion of Judge Cook.

This appellant stands convicted, *inter alia,* of a serious offense of assault with a dangerous weapon. I cannot state that a sentence which includes a bad conduct dis-charge is inappropriate. In the absence of the power to suspend a sentence, I would affirm the findings of guilty and the sentence as approved on review below.