UNITED STATES

v.

Robert Franklin WHITAKER, 068 38 7833, Fire Control Technician (G) Third Class (E–4), U. S. Navy.

NCM 77 0987.

U. S. Navy Court of Military Review.

26 July 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LTCOL P. N. Kress, USMC, Appellate Government Counsel.

Before NEWTON, DUNBAR and GLADIS, JJ.

NEWTON, Senior Judge:

The appellant is convicted of an unauthorized absence in excess of 3 years duration. Article 86, Uniform Code of Military Justice.

At trial the appellant was sentenced to a punitive discharge and reduction from pay grade E–4 to pay grade E–1. The convening authority suspended execution of the punitive discharge and ordered the sentence executed. The supervisory reviewing authority approved that sentence, and further suspended the reduction in pay grade for 1 year after his action with provision for automatic remission. He then provided that his action was not to be construed as entitling the accused to pay and allowances for pay grade E–4 between the date of the convening authority's action and the date of the supervisory reviewing authority's action—some 5 months.

While there is no doubt that the supervisory reviewing authority may suspend execution of a reduction in pay grade which is part of a court-martial sentence, he has no authority to deprive the appellant of pay when so doing, unless at the same time he commutes the reduction in pay grade to some lesser punishment such as suspended reduction and to forfeitures of pay or a fine. *United States v. Johnson*, 12 U.S.C. M.A. 640, 31 C.M.R. 226 (1962). The reason: suspension must relate back to the instant of execution of the sentence. It is the execution of a sentence which may be suspended. Articles 71 and 74, UCMJ, 10 U.S.C. §§ 871, 874; *Manual for Courts-Martial, United States, 1969* (revised edition), paras. 88, 97 and 105, JAGMAN 0129. If the execution of reduction in pay grade is suspended, the appellant remains in the prior pay grade, and he is entitled to pay and allowances at that grade absent some authorized action requiring forfeiture of pay or fine. MCM, 1969 (Rev.), para. 126.

There is no provision in the law for taking money from an accused at court-martial, except by executed reduction in pay grade which results in lower pay, or forfeiture, or fine, or detention of pay, or commutation of a more severe sentence to

one of those actions.[1] None of those lawful procedures were accomplished. Inasmuch as the reviewing authority's action deprives the appellant of pay to which he was otherwise entitled, without following lawfully authorized procedures, that action is unlawful. Simply stated, a deprivation of property without due process of law will occur if the action is affirmed in its present form. The reviewing authority may only act as authorized by statute relating to suspension of execution of a court-martial sentence. Any strained logic to the contrary totally misconstrues the holding in *United States v. Silvernail*, No. 76 0314, 1 M.J. 945 (N.C. M.R. 13 May 1976). See dissenting opinion hereto.

■ The action of the supervisory reviewing authority is, at least, ambiguous. It is unlawful if it deprives the appellant of his property without due process of law, as it will if literally applied, for it does not conform to authorized means of deprivation of money. On the other hand, if commutation of the sentence was intended by the action, it is not indicated with sufficient clarity to overcome the potential illegality. *Compare United States v. Freeman,* 46 C.M.R. 965 (A.C.M.R. 1972).

Finally, it is noted that the supervisory reviewing authority has not fully complied with the specific recommendation of the staff judge advocate (p. 9), that the reduction in rate be suspended with no mention of pay loss. No justification letter is attached to the record, as required by the holding in *United States v. Keller,* 23 U.S.C. M.A. 545, 50 C.M.R. 716, 1 M.J. 159 (1975), to explain the divergence from the sentence recommendation.

To clarify the ambiguity in the supervisory reviewing authority's action, meet the requirements of the law concerning deprivation of pay, and cure the error precipitated by lack of a justification letter concerning the staff judge advocate's recommendation as to sentence, the sentence will be reassessed and modified.

Accordingly, the findings and only so much of the sentence as provides for a bad conduct discharge and reduction to pay grade E–1, both suspended until 19 August 1977, and forfeiture of $150 per month for 5 months are affirmed.

Judge DUNBAR concurs.

GLADIS, Judge (dissenting):

I dissent.

The issue presented in this case is whether an officer exercising general court-martial jurisdiction is authorized, when taking his supervisory authority's action, to probationally suspend an executed reduction in pay grade, prospectively from the date of his action. In other words, may the supervisory authority in his action on the record of trial partially suspend a reduction in pay grade which has been ordered executed by the convening authority and make the suspension effective as of the date of his supervisory action; vice either approving the execution of the reduction or retroactively suspending it in its entirety? I believe that he is authorized to do so. The majority disagree, although they find that the supervisory authority may accomplish the same result if he commutes the reduction to a suspended reduction and forfeitures of pay.

The accused was sentenced at a special court-martial bench trial to a bad conduct discharge and reduction to pay grade E–1. On 9 December 1976 the convening authority approved the sentence and ordered it executed but probationally suspended the execution of the bad conduct discharge for 1 year. On 11 May 1977 the officer exercising general court-martial jurisdiction took the following action:

. . . the sentence as approved, ordered executed, and partially suspended by the Convening Authority is approved, but that portion thereof adjudging a reduction to pay grade E–1 is suspended for a period of one year effective from the date of this action, at which time unless the suspension is sooner vacated, the reduction to pay grade E–1 shall be remitted without further action. This action is

---

1. MCM, 1969 (Rev.), paras. 88, 94, 97, 126 and 127; JAGMAN 118; *Johnson, supra.*

not to be construed as entitling the accused to pay and allowances for pay grade E–4 from 9 December 1976 until the date of this action.

The officer exercising general court-martial jurisdiction to whom a record of a special court-martial has been forwarded for supervisory review has the same powers with respect to findings and sentence as the convening authority. Article 65(b), UCMJ; MCM, 1969 (Rev.), para. 94a(3); *United States v. Watkins,* 2 U.S.C.M.A. 287, 8 C.M.R. 87 (1953). Thus, he may approve only such findings of guilty, and the sentence or such part of the sentence as he finds correct in law and fact and as he in his discretion determines should be approved. Article 64, UCMJ. He may suspend the execution of the sentence. Article 71(d), UCMJ; *United States v. Watkins, supra.* His suspension power includes the authority to suspend the execution of the sentence in whole or in part even though his action may affect parts of the sentence previously ordered executed by the convening authority. *Cf.* MCM, 1969 (Rev.), para. 88e. *Compare* MCM, 1969 (Rev.), para. 94a (2) with para. 88d. *See also* JAG ltr JAG:32:JER:dm ser: 9269 of 9 Oct. 1967, encl. (2) to Navy JAG, *Off The Record,* No. 37, 24 Nov. 1967. Otherwise, he could be precluded by prior execution of portions of the sentence from exercising the panoply of powers enjoyed by the convening authority and bestowed upon him by Article 65(b), UCMJ.

The supervisory authority has the power to disapprove a legal sentence in whole or in part, as well as the power to reduce the sentence in quality and quantity. *See,* MCM, 1969 (Rev.), para. 88a. He may suspend the execution of all or any part of the sentence. *See* MCM, 1969 (Rev.) para. 88e. Logic impels the conclusion that a suspend-ed sentence/punishment lies somewhere on the linear spectrum between an approved and executed sentence as awarded, and a sentence which is set aside and not executed. It is a part or amount of a sentence. *United States v. Silvernail,* No. 76 0314, 1 M.J. 945 (N.C.M.R. 13 May 1976), *cert. dismissed,* No. 32,530 (U.S.C.M.A. 26 August 1976). A partially suspended sentence lies between a sentence approved and executed as awarded and a sentence suspended in its entirety. Therefore, the supervisory authority also has the lesser power to suspend partially or in its entirety a sentence which has been executed, so long as his action does not increase the severity of the original sentence.[1] He may suspend partially or in their entirety forfeitures which have been approved, ordered executed, and collected, thereby restoring the property or a portion thereof that has been affected by his action. *Cf.* MCM, 1969 (Rev.), para. 106. He may suspend a reduction in pay grade partially or in its entirety. Thus, a reduction of more than one pay grade may be partially suspended by suspending any reduction in excess of that to any intermediate pay grade. *See United States v. Glaze,* 22 U.S.C.M.A. 230, 46 C.M.R. 230 (1973). In this case the supervisory authority approved and partially suspended execution of the reduction in pay grade, which had been previously approved and ordered executed by the convening authority by making the suspension effective as of the date of his supervisory action, vice suspending its execution in its entirety and making the suspension retroactive.[2]

In effect the majority hold that the supervisory authority may suspend an executed reduction only if he sets aside the execution in its entirety; they deny that he has the power to suspend execution partial-

1. Suspension of a period of confinement which has run, whether or not executed, increases the severity and impact of the punishment adjudged by subjecting the accused to a greater period of confinement than originally adjudged in the event that the suspension is vacated. Consequently, a reviewing authority cannot suspend a period of confinement which has already run. *Cf.* MCM, 1969 (Rev.), para. 88a; *United States v. Larner,* 1 M.J. 371 (1976).

2. The action of a supervisory authority suspending a reduction will be interpreted to be retroactive, suspending the reduction in its entirety, in the absence of clear language in the action to the contrary.

ly, giving the suspension only prospective effect. I do not understand the rationale for the majority holding. Since the supervisory authority is empowered to set aside a legal sentence in whole or in part, and may suspend the sentence in whole or in part, including an executed reduction in pay grade, there is no valid reason why, in the absence of a statutory prohibition to the contrary, he may not take an action which lies between approval of the executed reduction and suspension of the reduction, giving only prospective effect to the suspension from the date of his action. His action in suspending part of the sentence benefits the accused to a greater extent than approval of the executed reduction but not as much as suspension of the executed sentence in its entirety. The prior execution of the reduction is of no legal consequence. The supervisory authority is a competent authority empowered to set it aside in part or in whole and restore rights and property affected by executed parts of the sentence which he sets aside. *See* Articles 64 and 65(b), UCMJ; MCM, 1969 (Rev.), paras. 94*a* (3), 88*a*, 106. The law does not limit the supervisory authority to the choice of approval of an executed reduction or suspension of the reduction in its entirety. In the exercise of his power pursuant to Article 64, UCMJ, to approve only such part of the sentence as he finds correct in law and in fact and as he in his discretion determines should be approved, the supervisory authority has the option of approving a punishment which lies between the two and is more beneficial to the accused than the first. Thus, the supervisory authority is authorized to suspend partially the execution of a reduction in pay grade, giving the suspension only prospective effect from the date of his action. In this case the supervisory authority did so. His action clearly evinces his intent and should be interpreted to give effect to his intention. *United States v. Nastro*, 7 U.S.C.M.A. 373, 22 C.M.R. 163 (1956). Unlike the majority, I would find no denial of due process if that action were affirmed in its present form. The accused was deprived of pay by due process of law by the lawful action of the convening authority in ordering the reduction executed. The supervisory authority was not obligated to restore either pay grade or pay. If his action affected an executed part of the sentence, the accused was entitled to restoration of the affected part, no more, no less. The supervisory authority approved the executed reduction and partially suspended it. His partial suspension did not entitle the accused to restoration of pay lost between the dates of the convening authority's action and the supervisory authority's action by reason of the execution of the reduction by the convening authority because the supervisory action did not affect that part of the sentence. However, the supervisory authority did suspend the reduction for a period extending beyond the current period of service of the accused contrary to MCM, 1969 (Rev.), para. 88*e* (1). His action is legal except for the excessive period of suspension.

Therefore I dissent. I would reduce the period of suspension and otherwise affirm the findings and sentence as approved below.