**UNITED STATES**

v.

**Airman First Class Nathaniel L. DAVIS, FR 118–42–3379, United States Air Force.**

**ACM 22265.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 May 1977.

Decided 20 Jan. 1978.

---

Appellate Counsel for the Accused: Colonel Robert W. Norris, Colonel B. Ellis Phillips and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, FORAY and HERMAN, Appellate Military Judges.

## DECISION

FORAY, Judge:

At a trial by general court-martial with members, the accused was convicted, contrary to his pleas, of bribery, three offenses of wrongful possession of false United States Armed Forces Identification Cards, and three offenses of forgery, in violation of Articles 134 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 923. Additionally, he was convicted, in accordance with his pleas, of thirteen offenses of making and uttering worthless checks, in violation of Article 123a of the Code. The approved sentence extends to confinement at hard labor for twenty-four months, forfeiture of $200.00 per month for twenty-four months, and reduction to the grade of airman basic.

Both appellate defense counsel and the accused, along with his request for appellate representation, have submitted a number of claims of error for our review. We find one of them warrants our comments

and the remainder to be either adequately discussed in the review of the staff judge advocate and correctly resolved adversely to the accused or without merit.

One of the assignments of error submitted by the accused attacks the sufficiency of the three specifications of Additional Charge I to alleged forgery offenses in violation of Article 123 of the Code. In sum, each specification alleged that on or about 15 October 1976, at Incirlik Common Defense Installation, Turkey, the accused, with intent to defraud, falsely made the signature of a fictitious person on a United States Armed Forces Identification Card (DD Form 2 AF), which writing would, if genuine, apparently operate to the legal prejudice of another. The format of each specification is substantially that suggested in the Manual for Courts-Martial, 1969 (Rev.), Appendix 6c, Form 93. However, each identification card alleged to have contained a falsely made signature was described in each specification and not set forth *in haec verba* as recommended in the Manual for Courts-Martial, supra, paragraph 28c and Appendix 6a 14. Each specification included, as a description of the writing containing a falsely made signature, a printed name, grade, Social Security Account Number, and an expiration date.

The thrust of this contention is that each of the specifications of Additional Charge I fails to set forth the extrinsic facts showing *how* each identification card bearing a forged signature could be, or was, in fact, used to prejudice the legal rights of another. The same objection to the specifications was made at trial by the accused's counsel in the form of a motion to dismiss. The military judge denied the motion stating that the questioned specifications do, "on their face, state an offense and I think an ID card is in the same category, basically as a check."

Article 123 of the Code is implemented by paragraph 202 of the Manual for Courts-Martial. As is relevant to our inquiry, that paragraph provides:

Forgery is the false making or altering with the intent to defraud of any signature to, or any part of, any writing which would, if genuine, *apparently impose a legal liability on another or change his legal right or liability to his prejudice* ; . . . . (Emphasis added.)

■ It is the legal efficacy or foundation of legal liability created by the falsely signed identification cards that we are concerned with here. To support a prosecution under Article 123 it is not sufficient merely to show that a forged writing had the appearance of genuineness. The writing must also, either by itself or as a step in a series *appear* to perfect a legal right or impose a legal burden. *United States v. Strand,* 6 U.S.C.M.A. 297, 20 C.M.R. 13 (1955). See *United States v. Driggers,* 21 U.S.C.M.A. 313, 45 C.M.R. 147 (1972); *United States v. Farley,* 11 U.S.C.M.A. 730, 29 C.M.R. 546 (1960); *United States v. Heard,* 51 C.M.R. 232, 1 M.J. 538 (A.F.C.M.R.1975); *United States v. Billups,* 49 C.M.R. 802 (A.C.M.R. 1975).

■ When pleading the offense of forgery, one of the elements of the offense required to be described in the specification is that the "writing would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice." Article 123, Code, supra; Manual for Courts-Martial, *supra,* paragraph 202. However, where the writing described or set forth *verbatim* in the specification does not, on its face, have apparent legal efficacy [1] the mere description of the above cited legal conclusion of legal efficacy in the specification does not render it sufficient to allege the offense. Where there is but a slight possibility that the writing could have legal efficacy, in order to withstand an attack as to its legal sufficiency, the specification must also allege extrinsic facts showing how the writing could be, or was, in fact, used to the legal prejudice of another. These extrinsic facts must be sufficient to illustrate just how the false writ-

---

1. For a discussion of "apparent legal efficacy" of a falsely made writing, see *United States v. Phillips,* 14 U.S.C.M.A. 620, 34 C.M.R. 400 (1964).

ing, if genuine, would have the ability to create, increase, diminish, discharge, transfer, or otherwise affect a legal right. *United States v. Strand; United States v. Driggers; United States v. Farley; United States v. Heard; United States v. Billups*; all supra. *United States v. Phillips,* 14 U.S. C.M.A. 620, 34 C.M.R. 400 (1964); *United States v. Leeder,* 33 U.S.C.M.A. 862 (A.F.B. R.1963).

The identification cards described in the challenged specifications are not in the same category as checks. The cards, unlike checks, are not writings which would, on their faces, if genuine, apparently operate to the legal prejudice of another. Not every writing that is falsely made will constitute the offense of forgery in violation of Article 123,[2] but only that falsely made writing that would, if genuine, have apparent legal efficacy. *United States v. Strand,* supra; *United States v. Phillips,* supra; *United States v. Whitson,* 14 U.S.C. M.A. 324, 34 C.M.R. 104 (1963). The allegation in each of the forgery specifications that each "writing would, if genuine, apparently operate to the legal prejudice of another" does not adequately inform the accused of that required element of the offense that the identification cards had apparent legal efficacy. *United States v. Leeder,* supra.

In this case the pleadings only showed the mere possibility existed that the identification cards might be used in such a manner that would be prejudicial to the legal rights of another. Without the allegation of extrinsic fact, to show *how* the identification cards could be, or were, in fact, used to create, increase, diminish, discharge, transfer, or otherwise affect a legal right of another, each specification of Additional Charge I is not sufficient to charge the offense of forgery in violation of Article

123 of the Code. *United States v. Strand; United States v. Farley; United States v. Driggers; United States v. Leeder; United States v. Heard*; all supra.

Evidence was adduced at trial tending to show that the accused intended to use each of the identification cards he had falsely signed to "pass checks" and obtain money therefor. However, any evidence introduced at trial to prove how the accused intended to use the identification cards cannot be used to remedy the fatally defective specifications. *United States v. Fout,* 3 U.S.C.M.A. 565, 13 C.M.R. 121 (1953); *United States v. Petree,* 8 U.S.C.M.A. 9, 23 C.M.R. 233 (1957); *United States v. Almendarez,* 46 C.M.R. 814 (A.C.M.R.1972).

Accordingly, for the reasons stated, the findings of guilty of specifications 1, 2, and 3, Additional Charge I, are set aside.

Reassessing the sentence [3] based on the remaining findings of guilty, we find only so much of the approved sentence as provides for confinement at hard labor for fourteen months, forfeiture of $200.00 per month for fourteen months, and reduction to the grade of airman basic to be appropriate.

The approved findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

EARLY, Chief Judge, and HERMAN, Judge, concur.

---

2. A falsely made United States Armed Forces Identification Card, DD Form 2AF, may be properly chargeable as an offense under Article 134, Uniform Code of Military Justice. Here, the accused was also convicted of three offenses alleging the wrongful possession of the same falsely signed identification cards in violation of Article 134, Code, supra. These offenses were based substantially on the same transaction giving rise to the forgery offenses. See Manual for Courts-Martial, 1969 (Rev.), paragraph 26*b*.

3. The military judge instructed the court members that each specification of Additional Charge I was separately punishable.