See also C.M.A., 10 M.J. 276.

UNITED STATES

v.

Tommy E. HARRIS, 419 84 9758, Sergeant (E–5), U. S. Marine Corps.

NCM 80 0231.

U. S. Navy Court of Military Review.

Sentence Adjudged 17 Aug. 1979.

Decided 30 May 1980.

LCDR Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before, BAUM, Senior Judge, and EDWARDS and MICHEL, JJ.

PER CURIAM:

Appellant was tried before a special court-martial, military judge alone and pursuant to his pleas was found guilty of two specifications of possession and two specifications of sale of marijuana in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. At the presentencing hearing much information was presented showing appellant's outstanding work performance, his financial difficulties,

and his contriteness for his actions. Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $250.00 pay per month for 4 months, and reduction to pay grade E–1. The convening authority approved the sentence as adjudged. The supervisory authority approved the sentence as approved by the convening authority, without suspension. Approval was consistent with the recommendation of his staff judge advocate, but failure to suspend was inconsistent with that officer's further recommendation that the bad-conduct discharge, forfeitures of $250.00 pay per month in excess of 2 months, and reduction below pay grade E–3 be suspended for the period of confinement served and one year thereafter.

■ Appellant now argues that the statement of the supervisory authority contained in his action is not adequate to comply with the mandates of paragraph 85c, *Manual for Courts-Martial, 1969 (Rev.)* (MCM) and *United States v. Keller,* 1 MJ 159 (C.M.A. 1975), asserting the following assignment of error:

THE SUPERVISORY AUTHORITY'S FAILURE TO COMPLY WITH UNITED STATES V. KELLER, 1 MJ 159 (CMA 1975), INVALIDATES HIS ACTION INASMUCH AS NO JUSTIFICATION APPEARS FOR HIS REFUSAL TO ACCEPT THE RECOMMENDATION OF HIS STAFF JUDGE ADVOCATE.

We agree in part. The supervisory authority "forwarded" (that is, transmitted) the record to the Judge Advocate General of the Navy in his action, thereby complying with a portion of the substance of paragraph 85c, MCM and *United States v. Keller, supra.* To require more as to the transmittal portion of that paragraph would be to place form over substance.

■ The substantive issue is whether the following language contained in the supervisory authority's action is adequate to carry out the "triggered justifiction" portion of paragraph 85c, MCM:

In taking my action, I considered all requests for clemency appended to this case, to include the recommendation for suspension by the Staff Judge Advocate

in his written review. In the view of the serious nature of the offenses, however, I concur with the convening authority and elect not to effectuate clemency in this case.

A recitation of the matters considered and a conclusionary statement will not suffice to carry out the intent of paragraph 85 c, MCM. The explanation need not be a treatise as to the supervisory authority's thought process, but it should contain at a minimum some rationalization as to why the supervisory authority considers his decision as the preferable course of action. A comparison of the staff judge advocate's recommendation with the action to be published showing what the supervisory authority considered as substantial factors influencing his action will suffice. It is clear that the decision to exercise or not exercise clemency is discretionary with the reviewing authority. It is also necessary that he put down his reasons for the action when he disagrees with his staff judge advocate as to the latter's recommendation.

The record of trial is returned in order that the supervisory authority provide that information required by paragraph 85c, MCM or in the alternative take any other action authorized under law. Article 65, UCMJ, 10 U.S.C. § 865.