UNITED STATES

v.

Senior Airman Jeffrey CHANDLER, FR 363–74–2630 United States Air Force.

ACM 23912.

U.S. Air Force Court of Military Review.

Sentence Adjudged 28 Feb. 1983.

Decided 9 Nov. 1983.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

Pursuant to his pleas, the accused was found guilty of 18 separate specifications including larceny of $2000.00 from Lt L, forgery of a bank account signature card, forgery of Lt L's name on a check, ten bad check offenses, wrongful possession of the military identification cards of Lt L and Sgt M, impersonation of Lt L and Sgt M by using their identification cards, and solicitation of S to sell him the identification cards.

### I

█ The accused now asserts, as he did at trial, that the specifications alleging wrongful possession of the identification cards are multiplicious for sentencing purposes with the specifications alleging impersonating an officer and a noncommissioned officer.* We agree. Moreover, we believe that these specifications are also multiplicious for purposes of findings. In reaching

---

* These specifications read as follows:

Specification 1: In that SENIOR AIRMAN JEFFREY CHANDLER, United States Air Force, 2750th Security Police Squadron, did, at Wright-Patterson Air Force Base, Ohio, from on or about 17 August 1982 to on or about 19 August 1982, wrongfully have in his possession, with intent to deceive, another's military identification card in words and figures as follows:
(Here follows a replica of Lt L's military identification card.)
he, the said SENIOR AIRMAN CHANDLER, then well knowing the same to be unauthorized.

Specification 2: In that SENIOR AIRMAN JEFFREY CHANDLER, ... did, ... from on or about 2 September to on or about 6 September 1982, wrongfully have in his possession, with intent to deceive, another's military identification card in words and figures as follows:
(Here follows a replica of Sgt M's military identification card.)
he, the said SENIOR AIRMAN CHANDLER, then well knowing the same to be unauthorized.

Specification 3: In that SENIOR AIRMAN JEFFREY CHANDLER, ... did, ... from on or about 17 August 1982 to on or about 19 August 1982, wrongfully, willfully and unlawfully impersonate a commissioned officer of the Air Force by using the military identification card of First Lieutenant James T. Lester, Junior, with intent to defraud instrumentalities of the United States by using the aforementioned military identification to facilitate the cashing of checks.

Specification 4: In that SENIOR AIRMAN JEFFREY CHANDLER, ... did, ... from on or about 2 September 1982 to on or about 6 September 1982, wrongfully, willfully and unlawfully impersonate a noncommissioned officer of the Air Force by using the military identification card of Sergeant James C. Mitchell Junior, with intent to defraud instrumentalities of the United States by using the aforementioned identification card to facilitate the cashing of checks.

this conclusion we need not go beyond the language of the specifications themselves. *United States v. Holt,* 16 M.J. 393 (C.M.A. 1983). Viewing the specifications in this light, we find that the allegations of possession of a military identification card with intent to deceive are encompassed within the charges of impersonating an officer by using his identification card. Thus, the allegations under one of the charges, as drafted, "fairly embraced" all the elements of the other. *United States v. Baker,* 14 M.J. 361, at 368 (C.M.A.1983); *see United States v. Allen,* 16 M.J. 395 (C.M.A.1983). Since the impersonation of an officer and noncommissioned officer specifications themselves accurately depict exactly what the accused did, we will order the possession specifications dismissed.

 Further, we find that the specifications regarding impersonating an officer and noncommissioned officer are multiplicious for sentencing purposes with the specifications pertaining to the making of worthless checks. In each instance, the offenses arose from the same transaction. *United States v. Baker, supra.*

## II

We next turn to the specification alleging forgery of a bank account signature card. In sum, this specification alleges that on or about 2 September 1982, at Fairborn, Ohio, the accused, with intent to defraud, falsely made the signature of James C. Mitchell, Jr., to a Winters National Bank and Trust Company New Account Signature Card, which writing would, if genuine, apparently operate to the legal prejudice of another. One of the elements of forgery is that the forged instrument, if genuine, would apparently operate to the legal prejudice of another. We have previously held that:

> where the writing described or set forth in the specification does not, on its face, have apparent legal efficacy the mere description of the above cited legal conclusion of legal efficacy in the specification does not render it sufficient to allege the offense. Where there is but a slight possibility that the writing could have legal efficacy, in order to withstand an

attack as to its legal sufficiency, the specification must also allege extrinsic facts showing how the writing could be, or was, in fact, used to the legal prejudice of another.

*United States v. Davis,* 4 M.J. 752 (A.F.C.M.R.1978). Assuming, without deciding, that a bank account signature card could possibly be used in a manner to be prejudicial to the legal rights of another, the specification is deficient since it fails to show how the card would impose any additional legal rights or liabilities on another. Thus, the specification is not sufficient to charge the offense of forgery in violation of Article 123, U.C.M.J., 10 U.S.C. § 923.

Accordingly, Specification 1 of Charge II (forgery) and Specifications 1 and 2 of Charge IV (possession) are ordered dismissed. Reassessing the sentence in light of the remaining specifications and considering those that are multiplicious for sentencing, we find appropriate only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for eighteen months, forfeiture of $286.00, and reduction to airman basic. The approved findings of guilty and the sentence, both as modified, are

AFFIRMED.

KASTL, Senior Judge, and CANELLOS, Judge, concur.