UNITED STATES

v.

Airman First Class Edward R.
JEDELE, FR 150–50–1572,
United States Air Force.

ACM S26607.

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 Nov. 1984.

Decided 15 March 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

DECISION

MURDOCK, Judge:

Appellant was convicted, pursuant to a conditional guilty plea, of four specifications of larceny, and two specifications of forging a bankcard charge slip. The offenses all relate to the appellant's theft of a bankcard from a wallet he found on the floor of the living quarters of a Titan missile complex while he was on alert duty as a missile facilities technician. The wallet belonged to one of the officer members of the missile combat crew.

Appellant asserts that the two forgery specifications are fatally defective because they do not explain how forging a name on a bankcard sales slip would operate to the legal prejudice of another.

A key element of forgery, critical to the resolution of this case, is found in Part IV, paragraph 48 of the Manual for Courts-Martial, 1984.[1]

> The writing must be one which would, if genuine, apparently impose a legal liability on another, as a check or promissory note, or change that person's legal rights or liabilities to that person's prejudice, as a receipt. Some other instruments which may be the subject of forgery are orders for the delivery of money or goods, railroad tickets, and military orders directing travel.

Appellant cites our unpublished decision of 11 December 1984 of *United States v. Mulvaney*, which in turn cited *United States v. Davis*, 4 M.J. 752 (A.F.C.M.R. 1978), and *United States v. Chandler*, 17 M.J. 571 (A.F.C.M.R.1983). Appellant's reliance on these cases is misplaced. The documents in those cases were found not to "apparently impose a legal liability on another." In *Mulvaney* the document was a first sergeant's slip which airmen were required to submit to the local credit union as part of a loan application. In *Davis* the documents were Armed Forces Identifica-

---

1. The Manual for Courts-Martial, 1969 (Rev.) had an identical provision at paragraph 202.

tion Cards. In *Chandler* the document was a bank account signature card. Since the legal liability was not apparent, and had not been specifically alleged, the specifications were held to be insufficient to allege forgery.

The present case is clearly distinguishable. The document was a commercial bankcard charge slip with an account number, account holder's name, and a dollar amount on its face. In our increasingly "cashless" society, such documents are becoming the functional equivalent of checks. It is generally known that processing a bankcard charge slip will result in a debit against the account imprinted on the charge slip. This action is clearly to the legal prejudice of the credit card account holder. Because charge slips have this effect, and it is apparent on their face, they are proper subjects of forgery and specifications alleging forgery of charge account charge slips do not need to indicate specifically how the form will operate to another's legal prejudice. It is inherent in the nature of the form.

The other errors alleged by the appellant are resolved against him. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

HODGSON, Chief Judge and FORAY, Senior Judge, concur.