UNITED STATES, Appellee

v

ROBERT CLANSEY, Private E–1,
U. S. Army, Appellant

7 USCMA 230, 22 CMR 20

No. 8279

Decided August 10, 1956

■■■■■■■■■■■■■■

*First Lieutenant Gene E. Overbeck* argued the cause for Appellant, Accused. With him on the brief was *Captain Frank C. Stetson.*

*First Lieutenant Robert L. Taylor* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Thomas J. Newton.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Intermediate appellate authorities affirmed the accused's conviction for assault with a dangerous weapon (a knife) upon a German civilian, in violation of Article 128, Uniform Code of Military Justice, 50 USC § 722. He petitioned this Court for further review. We granted the petition to determine whether the law officer was required to instruct on the right to resist an allegedly illegal apprehension.

It is the general rule that a person has a right to defend himself against an illegal arrest or apprehension. The force used, however, cannot exceed that reasonably necessary to repel the force applied in the illegal detention. 6 CJS, Assault and Battery, § 92. Whether the right of defense in this instance is more limited than, or the equivalent to, the ordinary right of self-defense need not concern us. Cf. United States v Adams, 5 USCMA 563, 18 CMR 187. Assuming that the detention was in fact illegal, the circumstances of the case do not require an instruction on the right to resist.

The accused took the stand in his own defense. He testified that he did not have the "slightest idea" that the persons who accosted him were policemen. He further testified that he was violently attacked by them without provocation. Moreover, he steadfastly maintained he did not strike at them. He denied that he had a knife in his possession, and he denied that he stabbed one of the policemen in the altercation. For corroboration he called several companions who participated in the incident.

At an out-of-court hearing on the proposed instructions, defense counsel stated he did not want instructions on the lesser included offenses of assault and battery and simple assault. He also indicated there was no "need" for an instruction on self-defense. Later in his closing argument, defense counsel contended that in view of the accused's denials and testimony to the effect that one Kennebrew was present at the scene and was known to possess a knife "exactly like" the one in evidence, the court members could conclude that Kennebrew, not the accused, stabbed the policeman.

The circumstances of this case are almost identical to those in United States v Wilson, 5 USCMA 783, 19 CMR 79. In neither case did the accused contend that it seemed reasonable to use a knife for defense. Rather he denied that he possessed or used a knife in the course of the fight. In each case the accused produced witnesses to corroborate his denial, and his counsel argued that someone else inflicted the injury. Referring to the law officer's duty to instruct on self-defense in such a situation, we said (page 786):

"Indisputably, therefore, self-defense was not raised by the evidence and it was not relied upon by the accused. On the contrary, he disclaimed all responsibility for the injuries to Pierce. This disclaimer is just the opposite of the contention advanced in a plea of self-defense. Under such a plea the accused admits inflicting the injury, but contends that he did so because it was necessary to protect himself from injury. On the evidence, therefore, there was no need of any instruction on self-defense."

Accordingly, the decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.