UNITED STATES, Appellee

v

JOHN NASTRO, Master Sergeant, U. S. Army, Appellant

7 USCMA 373, 22 CMR 163

No. 8202

Decided October 19, 1956

*Captain Frank C. Stetson* argued the cause for Appellant, Accused. With him on the brief was *Peter J. Flanagan, Esq.*

*Captain Thomas J. Nichols* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant Robert L. Taylor.*

HOMER FERGUSON, Judge:

An Army master sergeant, John Nastro, was convicted by a general court-martial sitting in Bremerhaven, Germany, of the rape of a ten-year-old German girl, in violation of Article 120, Uniform Code of Military Justice, 50 USC § 714, and assault with intent to rape a child, and adultery, both in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. He was sentenced "to be dishonorably discharged from the service, to forfeit all pay and allowances and to be confined at hard labor for forty years." The convening authority approved "only so much of the findings of guilty of Charge I and its specification . . . as finds that the accused did, at the time and place alleged, take indecent liberties with Christa Gries, a child of the age of 10 years, in violation of Article 134; only so much of the finding of guilty of specification 2, Charge II, . . . as finds that the accused did, at the time and place alleged, commit an assault upon Christa Gries, a child of the age of 10 years, by seizing her arm and attempting to pull her to a bed." He also approved the adultery finding alleged in "specification 3, Charge II." With respect to the sentence he affirmed "Only so much of the sentence as provides for dishonorable discharge, confinement at hard labor for 10 years, and total forfeitures." A board of review affirmed the approved findings, but reduced the confinement to seven years. Thereafter, this Court granted the accused's petition for grant of review containing several issues. After hearing argument, and studying the record and pleadings, we feel the only issues requiring review by this Court are whether the action by the convening authority on Charge I constituted disapproval of all the included offenses of that charge, and whether the law officer erred in holding that the complaint of the alleged victim under specification 2 of Charge II was part of the *res gestae,* and spontaneously made.

Under the provisions of Article 59(b) of the Uniform Code of Military Justice, 50 USC § 646, the convening authority is authorized to "approve or affirm . . . so much of the finding as includes a lesser included offense." To violate Article 134 of the Code—taking indecent liberties with a child—requires an intent "to gratify the lust, passions, or sex desires of either the person commiting the act or of the child." United States v Brown, 3 USCMA 454, 13 CMR 10. See also paragraph 213*d*(3), and Appendix 6*c*, Form 146, Manual for Courts-Martial, United States, 1951. Certainly this intent is one of the essential elements of that offense. However, an action is not invalidated which approves a sentence by implication rather than by express terms. This Court said in United States v McDaniel, 7 USCMA 56, 21 CMR 182:

"The Manual for Courts-Martial requires the convening authority to make his approval or disapproval 'express and explicit and . . . [not leave it] to implication' (paragraph 88*a*, page 147). This provision however, is merely advisory. It does not invalidate an action which approves or disapproves a sentence by implication rather than in express terms. Neither military nor civilian law demands rigid adherence to abstract form. The law looks to the substance of what is said and done, not to the manner of expression, or the form of the act. United States v Cambridge, 3 USCMA 377, 12 CMR 133; United States v Gilgallon, 1 USCMA 263, 2 CMR 170."

Generally speaking, we will interpret the action of a convening authority to give effect to his intention. United States v Varnado, 7 USCMA 109, 21 CMR 235. When we turn to the action of the convening authority in this case, it is clear that he intended to find the accused guilty of an offense under specification 1, Charge I. The question is, what offense did he intend to approve? If he intended to approve "indecent acts with a child under the age of 16 years," paragraph 213*d*(3),

Manual for Courts-Martial, supra, his action does not expressly accomplish that purpose. To do so he should have included the perpetrator's unlawful intent to "arouse, appeal to, or gratify the lust or passions or sexual desires of the accused or the child or both, as alleged." Or did he intend to approve the offense of "wrongfully commit[ting] an indecent, lewd, and lascivious act" with the child? That offense is spelled out in form specification Number 149, at page 492 of the Manual for Courts-Martial, supra, and carries a lesser penalty. See paragraph 127c page 226, Manual for Courts-Martial, supra. The language of the convening authority's approval, impliedly at least, embraces the elements of that offense. Since the convening authority obviously intended to approve an offense under Charge I, and since it is not clear just what included offense he had in mind, paragraph 95 of the Manual is applicable. That paragraph provides that when an action "is incomplete, ambiguous, or contains clerical errors, the authority who took the incomplete, ambiguous, or erroneous action may be instructed to withdraw the original action and to substitute a corrected action therefor."

We next turn our attention to whether or not the statement of Christa Gries to Gertrud Fueser— █ as to the assault with intent to commit rape upon the child, alleged in specification 2 of Charge II—was properly admitted as a spontaneous exclamation. Paragraph 142b of the Manual for Courts-Martial, supra, provides that:

> "An utterance concerning the circumstances of a startling event made by a person while he was in such a condition of excitement, shock, or surprise, caused by his participation in or observation of the event, as to warrant a reasonable inference that he made the utterance as a spontaneous and instinctive outcome of the event, and not as a result of deliberation or design, is admissible as an exception to the hearsay rule to prove the truth of the matters stated."

In United States v Mounts, 1 USCMA 114, 2 CMR 20, we made the following observation:

> "Dean Wigmore sets out three limitations on, or requirements for, the admissibility of utterances of this nature. These are: (a) a startling occasion, (b) a statement made before time to fabricate, (c) a relationship of the statement to the circumstances of the occurrence.
>
> • • • • • • •
>
> ". . . Dean Wigmore is not at all out of accord with our own views on the present subject."

The evidence surrounding the exclamation of Christa to the maid satisfies the above requirements. In the middle of the night the ten-year-old child was dragged from her bed by the accused, who certainly exhibited manifestations of a lewd intent. Christa testified that as soon as she had effected an escape, she went to maid Fueser's room, exhibited her wrists, and immediately related the event. The maid testified that when the girl came to her room she was crying and excited. The defense counsel at the trial attempted to show that the story came out only as a result of Fueser's repeated questions. However, although—due to language difficulties—some confusion did arise as to the precise time that Christa recounted the night's horrors, the evidence adequately supports the law officer's conclusion that her recital was a spontaneous statement relating to the circumstances of the occasion and generated by a feeling of fear, excitement, and shock. The fact that Fueser prefaced the statement with a question as to what had happened does not require its exclusion. There is nothing in the record to support a holding that the law officer abused his discretion by letting in this evidence.

With the exception of Charge I, the findings are approved. With respect to Charge I, the record is returned to The Judge Advocate General of the Army for reference to the convening authority to clarify his action.

Judge LATIMER concurs.

QUINN, Chief Judge (dissenting):
In United States v Crusoe, 3 USCMA

793, 14 CMR 211, this Court pointed out that if there is any un- ██ certainty in the convening authority's action, we can look to the post-trial review of the Staff Judge Advocate to determine his meaning. See also United States v Walters, 4 USCMA 617, 16 CMR 191. Assuming that the language of the convening authority's action here is not clear, the review of his legal officer makes it absolutely certain that the convening authority intended to approve the offense of indecent liberties with a child under the age of sixteen years with the intent to gratify his lust or desire. In pertinent part, the post-trial review reads as follows:

"*(3) Lesser Included Offenses.* Although the proof does not support the offense of rape as charged, it may support a finding of guilty of a lesser included offense. Such offenses will be considered in the order of decreasing permissible maximum punishment.

"The lesser included offense of carnal knowledge, like rape, requires penetration (par 199b, MCM, 1951), and as indicated above, that element is lacking here.

"The lesser offense of assault with intent to commit rape consists of an assault accompanied by an intent to have unlawful intercourse with a woman by force and without her consent (par 213d (1) (c), MCM, 1951). . . . The evidence of record, in my opinion, does not establish beyond a reasonable doubt that the accused at the time of the assault intended to have sexual intercourse with Christa Gries.

"Indecent acts with a child under the age of 16 years is lesser included in the offense of rape of such a child (ACM 4632, *Towle,* 4 CMR 733; ACM 9243, *Archuleta,* 17 CMR 772). The offense consists of the taking of immoral, improper or indecent liberties with or the commission of any lewd or lascivious act upon or with the body of, a child under the age of 16 years, with the intent to arouse, appeal to or gratify the lust or passions or sexual desires of the person com-mitting the act or the child (*U. S.* vs *Headspeth* (No. 1973), 10 CMR 133; par 213d(3), MCM, 1951). . . . She was 10 years old at the time of the offense. In view of the indecent, lewd and lascivious liberties taken by the accused upon the body of his victim, his only possible intent was the gratification of his sexual desires. In my opinion, the competent evidence fully warrants a finding of guilty of the lesser included offense of indecent acts with a child under 16 years of age."

The remaining question is whether the convening authority's action is legally sufficient to approve █ the offense of taking indecent liberties. Article 64 of the Uniform Code, 50 USC § 651, gives the convening authority the general power to "approve only such findings of guilty . . . as he finds correct in law and fact and as he in his discretion determines should be approved." Supplementing the Article, the Manual provides that if he approves a lesser included offense found by the court-martial, "all elements of the offense intended to be approved should be clearly indicated." Paragraph 87a (4). In my opinion, this language is permissive, not mandatory. United States v Merritt, 1 USCMA 56, 1 CMR 56.

Moreover, it is not the usual practice to require an appellate authority to express its decision with the █ same particularity of detail as that required for an indictment. The accused has already been charged, tried, and convicted. He knows what the evidence is and what he has been convicted of. If on reviewing the record of trial the appellate authority concludes that it supports only a lesser offense, why is it necessary to detail all the elements of that offense in the decision? To require such particularization elevates "form over substance—and with a vengeance." United States v Niolu, 4 USCMA 18, 22, 15 CMR 18. Certainly this Court has never delineated the elements of a lesser offense which we affirmed as legally correct on the basis of the record of trial. We have always considered it sufficient

**377**

simply to identify the offense by its legal name. See, for example, United States v Hunter, 2 USCMA 37, 6 CMR 37. United States v Craig, 2 USCMA 650, 10 CMR 148. United States v Christensen, 4 USCMA 22, 15 CMR 22. No good reason has been advanced to support the claim that intermediate appellate bodies must follow a different practice.

Only if the offense is incompletely identified can it really be said that there is ambiguity. Only then is there any need for return of record to the reviewing authority for clarification. Inasmuch as the convening authority here has unmistakably indicated his intention to affirm the offense of indecent liberties with a child under the age of sixteen, it is empty ritual indeed to have him reiterate what he has already said. I would, therefore, affirm the decision of the board of review.