UNITED STATES

v.

Derry FETHERSON, 245 04 3590, Lance Corporal (E–3), U. S. Marine Corps.

NCM 78 0434.

U. S. Navy Court of Military Review.

Sentence Adjudged 5 April 1977.

Decided 13 Nov. 1979.

CAPT Edward V. Cassidy, Jr., USMCR, Appellate Defense Counsel.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

GREGORY, Judge:

Contrary to his pleas, appellant stands convicted of being disrespectful in language to a superior noncommissioned officer (two specifications), violation of a lawful general order by possessing and consuming an alcoholic beverage in a bachelor enlisted quarters building, and assault on a noncommissioned officer, in violation of Articles 91, 92, and 128, Uniform Code of Military Justice (UCMJ), respectively. The sentence approved on review below provides for a bad-conduct discharge, confinement at hard labor for 3 months, and reduction to pay grade E-1. We previously returned the record of trial for compliance with the mandates of *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), and *United States v. Iverson*, 5 M.J. 440 (C.M.A.1978). *See United States v. Fetherson*, No. 78 0434 (NCMR 18 December 1978).

Appellant now assigns the following errors for our consideration:

I

THE APPELLANT'S CONVICTION OF CHARGE IV AND ITS SPECIFICATION CANNOT STAND IN THAT THE GOVERNMENT'S EVIDENCE FAILS TO ESTABLISH THAT THE "VICTIM" WAS ACTING LAWFULLY IN REGARDS TO HIS ATTEMPT TO CONFINE THE APPELLANT.

II

INASMUCH AS THE SUPERVISORY AUTHORITY DISAPPROVED THE FINDINGS AS TO THE ELEMENTS OF 'KNOWLEDGE OF SUPERIOR NCO'S RANK' AND 'THAT THE SUPE-RIOR NCO WAS IN THE EXECUTION OF HIS OFFICE,' THE FINDINGS OF GUILTY AS TO SPECIFICATIONS 1 AND 2 UNDER CHARGE II CANNOT STAND.

III

THE APPELLANT'S CONVICTION OF CHARGE II, SPECIFICATION 1, CANNOT STAND.

IV

THE GOVERNMENT'S EVIDENCE FAILS TO SUSTAIN THE APPELLANT'S GUILT BEYOND A REASONABLE DOUBT OF CHARGE III AND THE SPECIFICATIONS THEREUNDER.

We do not concur in the assignments of error and we affirm.

I

In the specification under Charge IV, appellant is alleged to have kicked a Sergeant Anderson. Appellant argues that the evidence fails to establish that he was not merely resisting an illegal apprehension. *See United States v. Rozier*, 1 M.J. 469 (C.M.A.1976); *United States v. Nelson*, 17 U.S.C.M.A. 620, 38 C.M.R. 418 (1968); *United States v. Clansey*, 7 U.S.C.M.A. 230, 22 C.M.R. 20 (1956).

The record of trial reveals that Sergeant Anderson was apprehending appellant at the direction of the Company Gunnery Sergeant in order to place appellant in correctional custody. Appellant had received seven days correctional custody at office hours on 2 February 1977; he had, however, appealed his punishment. Section 0101e(2) of the Manual of the Judge Advocate General proscribes the restraining of an individual who has appealed his nonjudicial punishment until such time as the appeal has been acted upon. It was stipulated at trial that appellant's appeal was denied on 16 February 1977, the date on which the apprehension by Sergeant Anderson also occurred. The Company Gunnery Sergeant, the only

prosecution witness as to this alleged offense, was not asked, however, whether there was knowledge of the denial of the appeal at the time of apprehension.

 Although there was no direct evidence that all parties were aware that appellant's appeal of nonjudicial punishment had been denied prior to Sergeant Anderson's attempted apprehension of appellant, there was more than adequate circumstantial evidence introduced to support the military judge's conclusion that this was the case. For this reason, we concur in the military judge's obvious finding that the apprehension was lawful.

 Furthermore, even assuming that the apprehension might not have been lawful, we find no justification for the actions of appellant in kicking Sergeant Anderson. The facts of this case are easily distinguished from those of *United States v. Rozier, supra,* where the appellant was not only resisting an illegal apprehension but was also responding to a "brutal and needless assault." In the instant case, Sergeant Anderson was merely conducting a routine search of appellant incident to the apprehension. Even if this apprehension had been illegal, it would not authorize appellant to respond in turn by assaulting Sergeant Anderson or by using provoking speech or gestures. *See United States v. Lewis,* 7 M.J. 348 (C.M.A.1979). *Cf. United States v. Richardson,* 7 M.J. 320 (C.M.A. 1979); *United States v. Clansey, supra.*

The evidence supports the findings of guilty as to the alleged assault on Sergeant Anderson.

## II

 Specifications 1 and 2 under Charge II allege violations of Article 91, UCMJ, in that appellant was disrespectful in language toward a Corporal Ferrebee on 15 February 1977 and toward a Staff Sergeant Butson on 8 March 1977. These specifications properly allege that appellant knew Corporal Ferrebee and Staff Sergeant Butson to be his superior noncommissioned officers and to be in the execution of their office at the time of the offenses.

In his action on the record of trial, the supervisory authority stated that:

> [O]nly so much of the finding of guilty of specification 1 of Charge II is approved as finds that the accused was, at Marine Corps Base, Camp Pendleton, Calfornia, on the date alleged, disrespectful in language toward Corporal E. R. FERREBEE, U. S. Marine Corps; and only so much of the finding of guilty of Specification 2 of Charge II is approved as finds that the accused was, at Marine Corps Base, Camp Pendleton, California, on the date alleged, disrespectful toward Staff Sergeant G. BUTSON. . . .

Appellant asserts that the supervisory authority, by his action, impliedly disapproved two essential elements of the alleged offenses, that is, knowledge of the rank of the two noncommissioned officers and the requirement that these noncommissioned officers be in the execution of their office.

The action of the supervisory authority is inartfully drawn and does generate some ambiguity. Such ambiguity is dispelled, however, by reference to the post-trial review of the staff judge advocate, and the obvious intent of the supervisory authority then becomes clear.

The staff judge advocate, in his review, noted that the specifications alleged that the offenses occurred at Buildings 2242 and 22211, Marine Corps Base, Camp Pendleton, California, respectively. He indicated that the evidence did not support the allegation of these specific buildings, and he recommended the findings as to the specifications be approved, except for the words and figures "Building 2242" and "Building 22211." (SJAR 11, 13, 21). He also recommended a modification to the findings as to another specification and a specific reduction in the adjudged sentence. (SJAR 21).

Closer examination of the supervisory authority's action reveals that he followed the recommendation of his staff judge advocate completely. He modified the findings to indicate the location in each instance merely to be "Marine Corps Base, Camp Pendleton, California." The supervisory authority

also followed the recommendation of his staff judge advocate as to the findings as to the specification under Charge IV and the sentence.

We will interpret the action of the supervisory authority to give effect to his obvious intention. *United States v. Nastro*, 7 U.S.C.M.A. 373, 22 C.M.R. 163 (1956). This obvious intention was to follow the recommendation of his staff judge advocate. *United States v. Braxton*, 16 U.S.C.M.A. 504, 37 C.M.R. 124 (1967). We find no requirement for corrective action.

### III

■ Appellant also alleges that, as to specification 1 under Charge II, the evidence does not establish that Corporal Ferrebee was in the execution of his office at the time of the alleged disrespectful language or that appellant was aware of Corporal Ferrebee's rank. The record of trial reveals that Corporal Ferrebee and other members of the Company were lined up in front of the First Sergeant's desk, waiting to be paid, have their record books checked, and receive shots. Appellant attempted to break into the head of the line and was at first told by the First Sergeant and another Sergeant to go to the end of the line. Instead, appellant attempted to break into line in front of Corporal Ferrebee. When Corporal Ferrebee told him to go to the end of the line, appellant responded with the disrespectful remark.

The evidence establishes that Corporal Ferrebee was attired in the utility uniform with his rank insignia on the collar. Appellant and Corporal Ferrebee were members of the same company. It is reasonable to assume appellant knew Corporal Ferrebee and knew his rank. In addition, Corporal Ferrebee was repeating an order first given by the First Sergeant when he directed appellant to the end of the line, and was, in effect, assisting in maintaining order among the troops waiting to see the First Sergeant. In so doing, he was engaged in an act authorized by military usage and,

therefore, in the execution of his office. *See* paragraphs 169a and 170a, *Manual for Courts-Martial, 1969 (Rev.)*. Moreover, even off-duty personnel have been held to be in the execution of their office when quelling disorderly conduct of subordinates or maintaining order among subordinates. *See United States v. Nelson, supra* at 622–3, 38 C.M.R. at 420–1; *United States v. Castro*, 28 C.M.R. 760 (A.F.B.R.1959), *pet. denied* 28 C.M.R. 414 (1959); *United States v. Brooks*, 44 C.M.R. 873 (A.C.M.R.1971).

The evidence supports the findings of guilty as to this offense.

### IV

■ We are also unable to concur in appellant's contention that the evidence does not support the findings of guilty as to the two specifications under Charge III, alleging possession and consumption of an alcoholic beverage in violation of a Base Order. The evidence established that appellant carried a cup containing a liquid into the duty office in his barracks. The Duty NCO and Officer of the Day observed appellant drink this liquid, which they identified as wine. The military judge took judicial notice of Base Order P 5000.2D, which prohibits possession and consumption of alcoholic beverages in bachelor quarters by personnel in the ranks of private, private first class, and lance corporal. The findings of guilty as to specifications 1 and 2 under Charge III were established beyond a reasonable doubt.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge GLADIS concur.