UNITED STATES, Appellee,

v.

Private (E–2) Ernest L. HUMPHREY, SSN 203–52–2001, United States Army, Appellant.

CM 442578.

U. S. Army Court of Military Review.

7 Sept. 1982.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain Thomas R. Peppler, JAGC, and Captain Michael E. Graham, JAGC, were on the pleadings for appellant.

Counsel for the appellee declined to file pleadings.

Before FULTON, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

On pleas of guilty, appellant was convicted of rape and several other violations of the Uniform Code of Military Justice, 10 U.S.C. §§ 801 et seq. (1976). The military judge sentenced him to be reduced to the grade of Private E–1, to forfeit all pay and allowances, to be dishonorably discharged from the service, and to be confined at hard labor for twenty-five years.

A plea bargain limited the confinement to be approved by the convening authority to a term of eight years. Accordingly, the staff judge advocate, in his post-trial review, recommended that confinement be reduced to eight years, but he recommended that the remainder of the sentence be approved as adjudged.

Through his counsel, appellant petitioned the convening authority to reduce the total forfeitures to a partial forfeiture so as to permit him to continue fulfilling the terms of a court order for child support. The staff judge advocate, however, adhered to his initial recommendation, for approval of the total forfeitures. Nevertheless, the convening authority reduced the total forfeiture to a forfeiture of $470.00 pay per month for eight years (and approved confinement for eight years, the reduction, and dishonorable discharge). The record of trial does not include the convening authority's statement required by paragraphs 85c and

91*a* of the Manual for Courts-Martial, United States, 1969 (Revised edition).

 Paragraph 85*c* of the Manual requires that, "[i]n any case which is forwarded to the Judge Advocate General, if the convening authority takes an action different from that recommended by his staff judge advocate or legal officer, he should state the reasons for his action in a letter transmitting the record to the Judge Advocate General." Paragraph 91*a* is to the same effect. The requirement is mandatory even when the difference is only as to sentence appropriateness. *United States v. Keller,* 1 M.J. 159 (C.M.A.1975) (2–1). Even so, when the convening authority's action has been more favorable to the accused than the recommendation of the staff judge advocate from which he differed, we have not returned the record of trial to the convening authority for compliance with the Manual. *See United States v. Devins,* 5 M.J. 504, 507 (A.C.M.R.1978) (Cook, J.) *; *cf. United States v. Dixson,* 9 M.J. 72, 75–76 (C.M.A.1980) (Cook, J., dissenting) (inquiry as to harmlessness not foreclosed by *Keller*). Neither the appellant nor judicial economy would be served by returning the record for compliance in this case.

 The findings of guilty and the sentence are affirmed. That portion of the convening authority's action, however, which purports to apply the partial forfeiture of pay to allowances, rather than to pay alone, is of no effect. *United States v. Gordon,* 7 M.J. 869, 872 (A.C.M.R.1979) (headnote 4).

Judge COHEN and Judge NAUGHTON concur.

---

* Apparently our practice has to date been reflected only in such unpublished decisions as *United States v. Figueroa,* No. C.M. 441382, A.C.M.R. 23 Apr. 1982, and *United States v. Neumann,* No. C.M. 440039, A.C.M.R. 19 Dec. 1980.