UNITED STATES, Appellee,

v.

Specialist Four Felix A. HOUSE, SSN
246–04–1621, United States
Army, Appellant.

CM 443417.

U.S. Army Court of Military Review.

29 March 1983.

Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, Captain James A. McAtamney, JAGC, and Captain Robert W. Wiechering, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Glenn D. Gillett, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

FOREMAN, Judge:

In accordance with his pleas, the appellant was found guilty of three specifications of larceny and three specifications of housebreaking, in violation of Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 930 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. This case involves issues arising from inartful language in the pretrial agreement as well as the convening authority's action.

On 22 February 1983, this Court affirmed the findings and sentence. We subsequently granted a motion to reconsider our decision in light of the appellant's disagreement with our interpretation of the convening authority's action.

### *The Pretrial Agreement*

The appellant had a pretrial agreement which obligated the convening authority to suspend for a period of nine (9) months from the date of the Convening Authority's action, that portion of any sentence adjudged in excess of each of the following:

 a. Confinement at hard labor for nine (9) months; and

 b. Forfeiture of three hundred dollars ($300.00) per month.

All other lawful punishments may be approved.

■ The convening authority suspended the confinement in excess of nine months and forfeitures in excess of $300.00 pay per month for nine months. The appellant contends that the convening authority approved a sentence in excess of the pretrial agreement, which he contends limited the forfeitures to a forfeiture of $300.00 per month for only one month. We find his contention without merit.

During the plea inquiry both counsel stated there were no ambiguities in the pretrial agreement. After the sentence was announced, the military judge recited verbatim the sentence limitation provisions of the pretrial agreement and then remarked, "The convening authority will be required to take mitigating action in this case." The military judge made no further explanation of the effect of the pretrial agreement on the adjudged sentence. In the post-trial review the staff judge advocate portrayed the pretrial agreement as requiring the convening authority to suspend confinement at hard labor in excess of nine months and also to suspend forfeitures in excess of "any forfeiture of $300.00 pay per month for nine months." The trial defense counsel did not dispute this interpretation when the post-trial review was served on him for comment or rebuttal.

Viewing this case with benefit of hindsight, we find the pretrial agreement inartfully drafted and we note that the issue could have been foreclosed by a more complete explanation by the military judge of the effect of the pretrial agreement on the adjudged sentence. Nevertheless, we find no prejudicial error.

■ If the words used in the pretrial agreement had been used to announce the sentence, the duration of the forfeitures would have been limited to one month. *See United States v. Hancock,* 7 M.J. 857 (A.C. M.R.1979). However, a pretrial agreement must be interpreted within the context of the maximum imposable sentence as well as the adjudged sentence. In this case we are satisfied that the staff judge advocate's interpretation of the agreement comported with the intent of the convening authority and the appellant. In the first place, the parties to the trial perceived no ambiguity in the agreement. Secondly, the use of the words "per month" demonstrates an intent

to limit the dollar amount rather than the duration of the forfeitures. If the parties had intended to limit the duration of the forfeitures to one month, the words "per month" would have been omitted and the agreement would have limited the forfeitures to "forfeiture of $300.00." Lastly, and most significantly, the trial defense counsel's acquiescence in the staff judge advocate's interpretation of the pretrial agreement indicates that he interpreted the agreement in the same way. We are satisfied that there was no disagreement or misunderstanding between the staff judge advocate and the appellant about the terms of the agreement, and that both understood the agreement to limit the dollar amount but not the duration of the forfeitures.

### The Convening Authority's Action

In our decision of 22 February 1983 we construed the convening authority's action as suspending only those portions of the sentence pertaining to confinement and forfeitures. The appellant now contends in his motion for reconsideration that the convening authority also suspended the bad-conduct discharge. We find his contention without merit.

The convening authority's action in this case was worded as follows:

In the foregoing case of Specialist Four Felix A. House, 246–04–1632, US Army, Company B, 3d Engineer Battalion, Fort Stewart, Georgia 31314, the sentence is approved; *however, that portion of the sentence adjudged in excess of confinement at hard labor for nine months and forfeiture of $300.00 pay per month for nine months is suspended* until 21 September 1983, at which time, unless the suspended portions of the sentence are sooner vacated, they shall be remitted without further action.

(Emphasis added.)

In his post-trial review the staff judge advocate clearly recommended that the convening authority approve the sentence but suspend a portion of the confinement and forfeitures in compliance with the pretrial agreement. The staff judge advocate did not recommend suspending the bad-conduct discharge. However, the action actually taken by the convening authority, read literally, can be construed as suspending the bad-conduct discharge as well as portions of the confinement and forfeitures. On the other hand, because the action mentions only confinement and forfeitures and does not order the sentence executed, it can be construed as modifying only those portions of the adjudged sentence.

 When a convening authority's action is ambiguous, this Court may return the case to him for a new and unambiguous action. Manual for Courts-Martial, United States, 1969 (Revised edition) (hereafter referred to as MCM), paragraph 89*b*. However, where the convening authority's intent can be ascertained from the record, we need not return the case for a new action, but may simply give effect to his intent. *See United States v. Loft,* 10 M.J. 266 (C.M.A.1981); *United States v. Nastro,* 7 U.S.C.M.A. 373, 375, 22 C.M.R. 163, 165 (1956); *United States v. Varnado,* 7 U.S.C.M.A. 109, 113, 21 C.M.R. 235, 239 (1956); *United States v. Fetherson,* 8 M.J. 607 (N.C.M.R. 1979). It is proper and appropriate to refer to the staff judge advocate's post-trial review to ascertain the convening authority's intent. *United States v. Braxton,* 16 U.S.C.M.A. 504, 37 C.M.R. 124 (1967); *United States v. Fetherson,* 8 M.J. at 609–10.

 We find that the convening authority in this case intended to follow his staff judge advocate's recommendation. If the convening authority had intended to suspend the bad-conduct discharge, contrary to his staff judge advocate's recommendation, his intent would have been demonstrated by two additional steps, both of which are absent in this case. First, he would have set out in writing his reasons for not following his staff judge advocate's recommendation. MCM, paragraph 85*c; United States v. Keller,* 1 M.J. 159 (C.M.A.1975); *United States v. Humphrey,* 14 M.J. 661 (A.C.M.R.1982). Secondly, he would have ordered the sentence into execution. *See* Article 71(c), Uniform Code of Military Justice, 10 U.S.C. § 871(c) (1976); MCM, paragraph 88*d* (1);

*United States v. White,* 25 C.M.R. 733 (N.B. R.1958); *United States v. Williams,* 16 C.M.R. 717 (A.F.B.R.1954); *United States v. Ranes,* 3 C.M.R. 550 (A.F.B.R.), *pet. denied,* 1 U.S.C.M.A. 712, 3 C.M.R. 150 (1952). *See also Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951* paragraph 88*d* (1951) (a convening authority may order sentence into execution if he suspends a punitive discharge and any confinement in excess of eleven months and twenty-nine days).

If the convening authority had intended to suspend the bad-conduct discharge in this case, his action would have been incomplete because it does not order the sentence into execution, and the record would be incomplete because there is nothing in it or the allied papers remotely suggesting that the convening authority intended to act contrary to his staff judge advocate's recommendation. These two omissions, coupled with the staff judge advocate's clearly stated recommendation, are sufficient to convince us that the convening authority did not intend to suspend the bad-conduct discharge. Notwithstanding the inartful language of the convening authority's action, we will give effect to his intent.

The decision of this Court in this case, dated 22 February 1983, is withdrawn. The findings of guilty are affirmed. The sentence, including an unsuspended bad-conduct discharge, is likewise affirmed.

Senior Judge O'DONNELL and Judge WERNER concur.