**UNITED STATES, Appellee,**

v.

**Sergeant Daniel P. SIMPSON, 113–46–4596, United States Army, Appellant.**

**ACMR 8701726.**

U.S. Army Court of Military Review.

23 Feb. 1988.

For Appellant: Major Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

OPINION OF THE COURT

HOLDAWAY, Chief Judge:

The appellant was convicted, pursuant to his negotiated guilty plea, of five specifications of various drug offenses in violation of Article 112a of the Uniform Code of Military Justice [hereinafter cited as UCMJ], U.S.C. § 912a. One other specification was dismissed by the military judge pursuant to the pretrial agreement. All of

the specifications except Specification 6 conformed to the models contained in the Manual for Courts–Martial, United States, 1984, Part IV, para. 37f. Specification 6 deviated from the model in that it failed to include the word "wrongful." The parties and the judge apparently assumed that "wrongful" was pleaded. In any event, during the providence inquiry the judge advised the appellant that wrongfulness was an element of all the offenses; the appellant acknowledged that his conduct had, in fact, been wrongful as to all the offenses. Had the appellant raised the flaw in Specification 6 at the trial or had it otherwise come to the attention of the judge, it would have been an easily correctible omission.

█ The appellant now asserts that Specification 6 is fatally flawed because it omits an essential element of the offense, i.e., wrongfulness.

There can be no doubt but that prior to *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986), this court would have been compelled to agree with the appellant and dismiss the questioned specification. *See e.g., United States v. Brice*, 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967) and *United States v. Garcia*, 18 M.J. 539 (A.C.M.R. 1984). However, in the *Watkins* case, the Court of Military Appeals reversed a long line of cases and ruled that the omission of the words "without authority" in a specification charged under Article 86, UCMJ, 10 U.S.C. § 886, is not fatal, at least in those cases where the accused does not challenge the specification at trial, pleads guilty, has a pretrial agreement, satisfactorily completes the providence inquiry, and has suffered no prejudice.

Simply put, the question now for resolution is whether the rationale of *Watkins* is equally applicable to the facts of this case.

We hold that it is. As Judge Cox pointed out in *Watkins*, the only purpose for written pleadings, and the test for determining their sufficiency in criminal cases, is (1) whether they give the accused notice of the criminal standard he is alleged to have violated, that is, are there sufficient facts so that each element of an offense is pleaded, either directly or by fair inference and (2) whether sufficient facts are alleged so that the accused is protected from a further prosecution based on the same facts. In the case *sub judice*, as in the *Watkins* case, the appellant was charged with several violations of the same article; all the specifications but one contained the word "wrongful." The flawed specification stated the dates, the facts of the offense, i.e., distribution of cocaine, and the fact that such *offense* (the precise word used in the specification) was deleterious to the health, morale, and readiness of the unit. In the context of the charge [1] and the wording of the specification, the word distribute could only have been interpreted as a wrongful one. It follows ineluctably that the facts pleaded gave the appellant full notice of the offense alleged against him and that he is fully protected from a further prosecution based on those same facts. The pleading, therefore is sufficient to withstand challenges at the appellate level.

█ The findings of guilty and sentence are affirmed.[2]

Senior Judge De GIULIO concurs.

CARMICHAEL, Judge, concurring in result:

Applying *Watkins* I agree that the challenged specification is legally sufficient. In resolving this issue, however, I believe the language of the specification controls.

---

1. In *United States v. Fout*, 3 U.S.C.M.A. 565, 13 C.M.R. 121 (1953), one of the cases overturned by *Watkins*, the Court of Military Appeals held that allegation of the statute violated could not impart words of criminality into a defective specification. It never seemed particularly logical to refuse to look at the charge. At the least the charge clearly puts an accused on notice of the alleged violation as well as the statutory standard violated.

2. The convening authority's action, dated 22 Sep. 1987, states that the sentence "will be approved" rather than "is approved." It is clear that the convening authority intended to approve the sentence. An action of the convening authority will be interpreted to give effect to his intention. *United States v. Nastro*, 7 U.S.C.M.A. 373, 22 C.M.R. 163 (1956).

My reading of *Watkins* reveals no abandonment of this long-standing principle. *See e.g., United States v. Stevens,* 19 M.J. 284, 286 (C.M.A.1985) (Cox, J.) (quoting sufficiency rule announced in *Sell, infra*); *United States v. Sell,* 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (C.M.A.1953) (necessary facts in any form or by fair construction must appear within specification). In *Watkins,* Judge Cox first looked to the specification and determined from its language that it was not "so defective that it '[could not] within reason be construed to charge a crime.'" 21 M.J. at 210. Thus, to this extent, the rule for determining sufficiency remains unchanged. As for the charge, in my opinion it neither benefits a flawed specification nor mars an otherwise sufficient specification.