**UNITED STATES, Appellee,**

v.

**Sergeant David E. BRYANT,
307–78–5911, United States
Army, Appellant.**

**ACMR 8800795.**

U.S. Army Court of Military Review.

14 Feb. 1989.

For Appellant: Major Kathleen A. VanderBoom, JAGC, Captain Jeffrey J. Fleming, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before HOLDAWAY, THORNOCK, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

HOLDAWAY, Chief Judge:

The appellant was convicted, contrary to his pleas, of two specifications of distributing illegal drugs and one specification of conspiracy to distribute a controlled substance in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982).[1] He was sentenced to a dishonorable discharge, confinement for five years, total forfeitures, and reduction to Private E–1. The convening authority approved the sentence.

The appellant now claims that the specification of conspiracy was fatally defective for failure to allege that it was "wrongful." He cites, principally, *United States v. Brice,* 38 C.M.R. 134 (C.M.A.1967) to support the contention. We disagree.

In pertinent part, the questioned specification pleads that the appellant did *"conspire* with Alfred Murillo to *commit an offense* under the Uniform Code of Military Justice, to wit: distribution of *controlled* substances, and in order to effect the object of the *conspiracy* ... purchased quantities of heroin and/or hashish." (Emphasis supplied).

The word "wrongfully" was omitted from this specification. This omission would possibly, although by no means certainly, have been fatal under the reasoning

---

1. The military judge, sitting alone, treated the conspiracy specification as multiplicious for sentencing with the other specifications.

of *Brice*. However, the Court of Military Appeals has effected a sea change in this area of the law in *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986) and *United States v. Brecheen*, 27 M.J. 67 (C.M.A. 1988); *see also United States v. Simpson*, 25 M.J. 865 (A.C.M.R.1988). As we read these cases, a specification will stand the test if the essential elements of the offense, although expressly omitted, can be found by fair implication. *See Brecheen*, 27 M.J. at 67.

In the case at hand, the element of "wrongfulness", that is criminal knowledge, can be implied (and well may found to be express) in the words "conspire ... to commit an offense," "controlled substance," and "conspiracy." An "innocent" conspiracy to distribute controlled substances is a contradiction in terms. It is true that unlike this case, *Watkins*, *Brecheen*, and *Simpson* were all guilty pleas where the specifications had not been challenged. We find that under the facts of this case, that is a distinction without a difference. As Judge Cox pointed out in *Watkins*, "Charging documents are tested by whether they sufficiently apprise the accused of what he must be prepared to meet and protect him from further prosecution for the same offense." 21 M.J. at 209 (citations omitted). While the appellant did plead not guilty and did challenge the specification at trial, he utterly failed then, as he does now, to show that he was not properly on notice of the criminal nature of his alleged conduct or that he will not be protected from a further prosecution. It is not enough to merely object; the appellant must go further and in stating the reasons for his objection he must show how he has been prejudiced and why he should be entitled to relief. As noted above, he did not do so either at trial or in his pleadings before this court.

We have considered those matters personally asserted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge THORNOCK and Judge CARMICHAEL concur.