UNITED STATES, Appellee

v

HARRY G. THORPE, Major,
U. S. Army, Appellant

9 USCMA 705, 26 CMR 485

No. 11,366

Decided October 3, 1958

*Major Edward Fenig* argued the cause for Appellant, Accused.

*First Lieutenant Avram G. Hammer* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *Major Thomas J. Nichols*.

### Opinion of the Court

GEORGE W. LATIMER, Judge:

The facts bringing this case before us for review are these. Accused, while performing a regular semi-annual inventory of classified documents entrusted to his custody, found that one designated "Top Secret" was missing. Instead of reporting the loss, he falsified two official forms in an attempt to conceal the fact that the document was

missing. In one form he reported over his signature that he had inventoried and could account for all "Top Secret" documents for which he was responsible. He also inserted a description of the lost document in another form which his predecessor had executed showing that certain other classified documents had been destroyed some eight months previously. For each of these falsifications the accused was charged with having made a false official statement, in violation of Article 107, Uniform Code of Military Justice, 10 USC § 907, and with wrongful and dishonorable conduct unbecoming an officer, in violation of Article 133, Uniform Code of Military Justice, 10 USC § 933. He was convicted of both charges and their four specifications. The law officer, recognizing that the offenses were each made the subject of two charges, correctly instructed the court members that the maximum imposable sentence was dismissal, total forfeitures, and confinement at hard labor for two years. The court-martial then returned a sentence of dismissal.

The proceedings were regular until the staff judge advocate advised the convening authority that, by altering the previous certification of documents destroyed, the accused had not committed an offense in violation of Article 107, supra, but rather he had offended against Article 134, Uniform Code of Military Justice, 10 USC § 934. Hence, the staff judge advocate recommended approval of all four specifications; however, he further advised the convening authority that the court's finding on the specification alleging alteration laid under Article 107 should be modified and approved as a violation of Article 134, supra. The convening authority took the recommended action, and the board of review affirmed. The accused then petitioned this Court for review, and his request was granted to dispose of the question whether the convening authority erred to the prejudice of the accused when he affirmed a finding of guilty after substituting a different offense than that upon which the accused was convicted.

We are willing to assume for the purpose of this case that the convening authority's action, insofar as it changed the court-martial's finding on the one specification, was in error. His action could only have been based upon the erroneous assumption that accused's alteration of an existing valid official record by insertion of additional false data, with intent to deceive, was not an offense against Article 107, supra. The document which was falsified was not originally accused's official statement, but he certainly made a material alteration in an official record when he added thereto information which increased the number of documents allegedly destroyed. The additional information written into the certificate by him which, when incorporated with the other contents of the document, became a completed false statement of which he was the maker. Hence, the conclusion must follow that the accused was properly charged with and found guilty of a violation of Article 107, supra, for a falsification of his predecessor's records.

Because of the manner in which the offense was charged, the convening authority misconceived the Article of the Code under which such criminal conduct was prohibited. The staff judge advocate's review and the convening authority's action, however, make manifest the fact that he approved a finding of guilt under Article 134, supra, by adding to the elements of a violation of Article 107, supra, an additional one, namely, that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces. If, however, the added ingredient is deleted, it necessarily follows that the convening authority found all of the elements of the crime required by Article 107, supra, to be supported by substantial evidence.

In reviewing the record of trial, the staff judge advocate listed the maximum period of confinement as four, instead of two, years and if sentence is limited to the two Article 107 offenses, this was an error. It will be recalled, however, that the sentence adjudged by the court-

martial included only dismissal. It is entirely understandable then why the staff judge advocate confined his discussion of the sentence to the question of whether the accused was disqualified for further military service. He concluded there were no circumstances which would warrant suspension of the dismissal and restoration of the accused to duty. It is apparent from his post-trial review that neither he nor the convening authority who acted upon his recommendations was concerned with the period of confinement as such. Moreover, the appropriateness of the dismissal was specifically made an issue by appellate defense counsel before the board of review. We have no doubt that in its review of the record of trial the board of review was fully aware of the law officer's instruction on the maximum sentence and of the mitigating circumstances presented to the court-martial and to the convening authority which merited consideration in regard to the sentence. Nevertheless, the board of review affirmed the sentence to dismissal as "correct in law and fact." In this situation, we are unable to discern any possibility that the accused was prejudiced because of the staff judge advocate's statement of the maximum period of confinement. United States v Crusoe, 3 USCMA 793, 14 CMR 211.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

The accused was convicted of violating two specifications of Article 107 and two specifications of Article 133, Uniform Code of Military Justice, 10 USC §§ 907 and 933, respectively. As the principal opinion notes, the law officer, recognizing that the two alleged offenses were each made the subject of two charges, correctly instructed the court-martial that the maximum imposable sentence was dismissal, total forfeitures, and confinement at hard labor for two years. The court-martial thereupon returned a sentence of dismissal.

However, the staff judge advocate, taking no note of the effect of multiplicity upon the sentence, advised the convening authority that the maximum imposable confinement was four years. He also advised the convening authority the evidence of record established that specification 2 of Charge I was a violation of Article 134 of the Code, supra, 10 USC § 934, rather than of Article 107. The convening authority affirmed the findings except insofar as he approved that under specification 2 of Article 107 as one under Article 134. This error went unnoticed at the board of review level. The majority opinion now finds the convening authority's action to have been innocuous although incorrect.

While it is true that error in sentence instructions at the trial level may be cured by appropriate recognition of the error at the convening authority or the board of review level, it by no means follows that the contemplation of a prejudicially excessive maximum sentence by the convening authority and the board of review can be cured by correct trial level instructions. To the contrary, it would imply to those reviewing authorities that the accused had already received more consideration than warranted by the trial court. Obviously this situation would militate against any sentence reduction at the convening authority level at which we have noted the accused has his greatest opportunity for sentence reduction (see United States v Wilson, 9 USCMA 223, 26 CMR 3), or at the board of review level with its statutory authority to approve an appropriate sentence.

One may only speculate as to how the staff judge advocate arrived at his conclusion that the maximum imposable sentence was four years. He might have done so by ignoring the issue of multiplicity which the law officer put to rest by his correct instructions at trial level. Or, he might have felt that specification 2 of Charge I was proven by the evidence under the subsection of Article 134 of the Code, supra, dealing with false swearing. The maximum sentence under Article 107 is one year so far as confinement is concerned, and is three years for false swearing under

Article 134. However, by whatever method the staff judge advocate reached his conclusion, the convening authority was incorrectly advised that the maximum period of confinement was four years. He acted under this misadvice. It might well be, particularly in view of accused's exemplary record, that he would have considered dismissal too severe a sentence had he been advised that the correct period of maximum confinement was two years. See United States v Conroy, NCM 57–01206, board of review decision August 7, 1957.

It is axiomatic that an accused is entitled to have convening authority action predicated upon correct staff judge advocate advice. The accused did not enjoy this benefit in the present case.

This accused was tried under Article 107 of the Code, supra. Then, the convening authority, in his action upon accused's sentence, treated it as being under Article 134. An instruction dealing with the violation of Article 134, unlike an instruction with reference to an offense in violation of Article 107, requires an instruction that under the circumstances the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. See United States v Gittens, 8 USCMA 673, 25 CMR 177; United States v Lawrence, 8 USCMA 732, 25 CMR 236. Thus, in the instant case, the accused could not have been convicted of an offense under Article 134 at the court-martial level. Clearly, it constitutes prejudicial error for the convening authority to predicate his action upon an offense of which the accused has never rightfully been convicted.

Obviously the same holds true for a board of review. That appellate tribunal cannot properly affirm a conviction for an offense for which accused has never stood trial.

I would return the record of trial to The Judge Advocate General of the Army for reference to another convening authority to allow him to take action predicated upon a new staff judge advocate's advice.