UNITED STATES, Appellee,

v.

Charles E. POWELL, Private, U. S. Army, Appellant.

No. 32,769.

CM 432161.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellant: *Captain Richard A. Pearson* (argued); *Colonel Alton H. Harvey, Captain Robert D. Jones* (on brief); *Lieutenant Colonel John R. Thornock, Captain John M. Nolan.*

For Appellee: *Captain William C. Kirk* (argued); *Colonel Thomas H. Davis, Major John T. Sherwood, Jr.* (on brief).

Opinion of the Court

PER CURIAM: *

The appellant was convicted of possession of heroin, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. He was sentenced to a bad-conduct discharge, forfeitures of all pay and allowances, imprisonment for 6 months and reduction to the lowest enlisted grade. The United States Army Court of Military Review has affirmed. We granted review to consider several contentions which the appellant makes. Our review of those contentions, together with the record and the briefs of the parties, reveal them to be insufficient to challenge the conviction. We affirm.

■ The appellant first challenges the sufficiency of the evidence upon which he was convicted. The record reveals that on March 1, 1974, an enlisted serviceman informed Special Agent David Foley of the Criminal Investigation Division (CID) at Fort Carson, Colorado, that the appellant had a quantity of heroin on his person and

---

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a *United States District Judge for the District of South Carolina.*

had used heroin in the presence of the informant. Two days later, the same informant told Agent Foley during a telephone conversation that the appellant had received an additional large quantity of heroin. Pursuant to an agreed-upon plan, which was devised by Foley, the informant met the appellant at the dining room for lunch. The informant's mission was to ascertain whether the appellant had any heroin on his person at the time, in which event, according to the plan, the informant was to give a prearranged signal to Foley, who would be observing from a distance. As the appellant was leaving the dining room, the informant gave the agreed-upon signal, thereby indicating that the appellant had a quantity of heroin upon his person. Agent Foley then arrested the appellant. A search of the appellant's person revealed a large quantity of suspected heroin, subsequently confirmed as such by chemical analysis. The above facts overwhelmingly establish the possession of heroin in violation of the regulation.

■■■ The appellant argues that the arrest was illegal and, therefore, the evidence recovered from his person should not have been admitted in evidence. We agree with the Court of Military Review that the officer had probable cause to arrest the appellant when he did. Article 7(b), UCMJ, 10 U.S.C. § 807(b).[1] The Supreme Court teaches that police officers may arrest without a warrant "where 'the facts and circumstances within their . . . knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949); *Carroll v. Unit-*

ed States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925). See *Gerstein v. Pugh,* 420 U.S. 103, 111–12, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). See also *Courtney v. Williams,* 1 M.J. 267 (C.M.A.1976).[2] Accord, *Wong Sun v. United States,* 371 U.S. 471, 479, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Henry v. United States,* 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). While there must be "more than bare suspicion," there may be less than proof beyond a reasonable doubt. *Brinegar v. United States, supra* 338 U.S. at 175, 69 S.Ct. 1302, 1310. See *Adams v. Williams,* 407 U.S. 143, 149, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). " 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' " *Brinegar v. United States, supra; Carroll v. United States, supra* 267 U.S. at 161, 45 S.Ct. 280. "Probable cause is a plastic concept whose existence depends on the facts and circumstances of the particular case." *Bailey v. United States,* 128 U.S.App.D.C. 354, 358, 389 F.2d 305, 308 (D.C.Cir. 1967). See *Adams v. Williams, supra; Brinegar v. United States, supra.* Since police officers, not judges, make the initial probable cause determinations where arrest is made without a warrant, "[t]he standard is that of 'a reasonable, cautious and prudent peace officer' and must be judged in the light of his experience and training." *Bailey v. United States, supra* 128 U.S.App.D.C. at 355, 389 F.2d at 309. Therefore, a finding of probable cause depends on the "practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States, supra* 338 U.S. at 175, 69 S.Ct. at 1310.

Application of the foregoing principles to the circumstances of this case, including the factors known to Agent Foley when he arrested the appellant, leaves no doubt that

---

1. Article 7(b), Uniform Code of Military Justice, 10 U.S.C. § 807(b), is as follows:

   Any person authorized under regulations governing the armed forces to apprehend persons subject to this chapter or to trial thereunder may do so upon reasonable belief that an offense has been committed and that the person apprehended committed it.

2. This statement of the rule includes the requirements of the Fourth Amendment to the Constitution of the United States. *Terry v. Ohio,* 392 U.S. 1, 8–9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Henry v. United States,* 361 U.S. 98, 100–102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

Agent Foley had a "reasonable belief" [3] or probable cause to arrest.

Our consideration of the record, the briefs and the oral arguments of the parties convinces us that the Court of Military Review was correct in its disposition of Issue I, and that the appellant's remaining contentions are lacking in merit.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge Fletcher dissents as to issue IV.[**]

---

3. *See* n. 1, *supra.*

** *United States v. Keller*, 1 M.J. 159 (CMA 1975).