UNITED STATES, Appellee,

v.

Gerald D. DIXSON, Corporal, U. S. Marine Corps, Appellant.

No. 33,063;  NCM 76 1295.

United States Court of Military Appeals.

July 7, 1980.

Cook, J., dissented and filed opinion.

For Appellant: *Lieutenant Lawrence W. Muschamp*, JAGC, USN (argued); *Lieutenant H. Glenn Scammel*, JAGC, USNR (on brief); *Captain A. W. Eoff, II*, JAGC, USN.

For Appellee: *Major D. A. Higley*, USMC (argued); *Lieutenant Colonel P. N. Kress*, USMC, *Lieutenant Michael C. Farrow*, JAGC, USNR (on brief); *Commander T. C. Watson, Jr.*, JAGC, USN.

Opinion of the Court

FLETCHER, Judge.

At a special court-martial, the appellant was found guilty of various drug offenses [1] under the Uniform Code of Military Justice. The military judge sentenced him to a bad-conduct discharge, 4 months' confinement at hard labor, forfeiture of $100 per month for 6 months, and reduction to E–1. In addition, he specifically recommended that the punitive discharge as well as confinement in excess of 2 months be suspended by the convening authority. *See* Article 71(d), Uniform Code of Military Justice, 10 U.S.C. § 871(d).

The convening authority, who was not a general court-martial convening authority, approved the sentence but he did not suspend the discharge or any portion of the confinement. *See* para. 91*b* (1), Manual for Courts-Martial, United States, 1969 (Revised edition). He then forwarded the record to his supervisory authority in accordance with Article 65(b), UCMJ, 10 U.S.C. § 865(b). The supervisory authority forwarded this record of trial to his staff judge advocate for the mandated advice as to approval of findings and sentence. Articles 61 and 65(b), UCMJ, 10 U.S.C. §§ 861 and 865(b).

The staff judge advocate recommended that the findings and sentence be approved. He also recommended that the supervisory authority suspend the discharge in light of the earlier recommendation of the military judge, the multiplicity factor involved in these offenses, and the appellant's prior record. *See* para. 85*b*, Manual, *supra*. On May 3, 1976, the supervisory authority approved the findings and sentence but did not suspend the discharge. Article 65(b), *supra*. This action was taken contrary to that recommended by the staff judge advocate, but the supervisory authority failed to forward a letter of justification of his action to the Judge Advocate General of the Navy. *See* para. 85*c*,[2] Manual, *supra; see also United States v. Keller*, 1 M.J. 159 (C.M.A.1975).

The Navy Court of Military Review affirmed the finding and sentence. We granted review in this case on an issue not raised before the Court of Military Review. The issue specified by order of the Court was:

WHETHER THE SUPERVISORY AUTHORITY IS REQUIRED BY PARAGRAPH 85*c*, MANUAL FOR COURTS-MARTIAL, UNITED STATES, 1969 (REVISED EDITION) TO SUBMIT A LETTER EXPLAINING HIS ACTION WHICH IS CONTRARY TO THE RECOMMENDATION OF HIS STAFF JUDGE ADVOCATE?

A subsequent government Motion to Attach A Document to the Record of Trial was granted by this Court. This document dated January 5, 1977, was a letter from the supervisory authority to the Judge Advocate General of the Navy explaining why

---

1. Contrary to his pleas, the appellant was found guilty of violating a lawful general regulation by wrongfully possessing, transferring and selling marihuana. The six specifications, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, stemmed from two incidents on different dates involving two different amounts of marihuana.

2. Paragraph 85*c*, Manual for Courts-Martial, United States, 1969 (Revised edition), provides in part as follows:

> In any case which is forwarded to the Judge Advocate General, if the convening authority takes an action different from that recommended by his staff judge advocate or legal officer, he should state the reasons for his action in a letter transmitting the record to the Judge Advocate General.

We note that the identical language was promulgated by the President of the corresponding paragraph of the Manual for Courts-Martial, United States, 1951.

he took action different from that recommended by his staff judge advocate.

█ The first issue to be addressed in this case is the applicability of paragraph 85 c, Manual, *supra*, and our decision in *United States v. Keller, supra*, to a supervisory authority taking approval action on a court-martial. The Government does not urge us to differentiate between a convening authority's action under Article 60, UCMJ, 10 U.S.C. § 860, and a supervisory authority action under Article 65(b), *supra*. We find that any distinction between these two officers under these circumstances is merely a matter of nomenclature. *See* para. 91*b*, Manual, *supra*. They, as laymen, perform the same legal function after the court-martial, and accordingly, the same governing legal principles should apply.

█ We do not mean to imply by any statements made in the resolution of this matter, or by any conclusions reached in *United States v. Keller, supra*, that the convening authority or supervisory authority cannot reject the recommendations of his legal adviser. We only hold that if the authority does reject these recommendations, he is required to articulate his reasons for doing so.

A second issue more earnestly pursued by the Government concerns the correctness of our earlier decision in *United States v. Keller, supra*.[3] The Government once again has raised the same linguistic arguments which were rejected by a majority of this court 5 years ago. Such a position has no more attraction today than it did then. It is inconsistent with the well accepted principle of command accountability in court-martial matters.[4]

The final issue to be confronted by this Court concerns the appropriate remedial action to be ordered for such error. The Government urges us to affirm the sentence since the letter of the supervisory authority is presently attached to the record of trial and the appellant has therefore suffered no prejudice. Such a course of action, though at first blush attractive, is inappropriate in the appellant's case.

█ We believe that in cases where this letter is required by Presidential order, it is a prerequisite to complete appellate review by the Court of Military Review and ourselves. When the Court of Military Review is fulfilling its obligation under Article 66(c), UCMJ, 10 U.S.C. § 866(c), as to sentence, it should have available for its consideration not only those matters which are part of the record of trial as to sentence, but also all allied papers pertaining to the approved sentence that the Manual for Courts-Martial requires to be present. In this case one important document was absent; so the appellant is entitled to relief. In *United States v. Keller, supra*, no belated letter of justification was attached to the record of trial at the time our decision was published.[5] Accordingly, we believed it inappropriate to send that case back 20 months after the convening authority's action for the preparation of such a letter and the subsequent appellate review. In appellant's case, the letter was prepared 8 months later and attached to the record of trial prior to our decision in this case.

---

3. *See United States v. Eller*, 20 U.S.C.M.A. 401, 402, 43 C.M.R. 241, 242 (1971); *United States v. Wetzel*, 19 U.S.C.M.A. 370, 374, 41 C.M.R. 370, 374 (1970).

4. *See* n.2, *supra*; *see also* Brown, *The Crowder-Ansell Dispute: The Emergence of General Samuel T. Ansell*, 35 Mil.L.Rev. 1–15, 29 (1967).

5. The Court in *United States v. Keller*, 1 M.J. 159 (C.M.A.1975), was obviously concerned about the lapse of time between the convening authority's action and the subsequently ordered preparation of a justification letter. Twenty months had already elapsed at the time of this decision with more delay a distinct probability.

One week after the Court's decision, the Government filed a motion for reconsideration with a belated letter attached thereto. This letter had not been filed earlier because the ·Government felt the rescission of an earlier order of this Court ·requiring such a document and prior case law indicated no such submission was necessary. The Government argued that in light of this letter the sentence should now be affirmed by this Court or that the Court of Military Review should be given unfettered discretion in reviewing the original sentence. This motion was denied by ·order of the Court on October 3, 1975.

While we cannot condone such conduct, the lapse of time is not so critical as to justify the *Keller* relief.

The decision of the United States Navy Court of Military Review as to findings is affirmed. As to sentence, its decision is reversed. The record of trial is returned to the Judge Advocate General of the Navy for transmittal to the Court of Military Review. The Court of Military Review is directed to conduct a full review of appellant's sentence in light of the belated letter.

Chief Judge EVERETT concurs.

COOK, Judge (dissenting):

Aside from confirming my belief that *United States v. Keller*[1] improperly applied paragraph 85c of the Manual for Courts-Martial,[2] the present decision is, in my opinion, contrary to *United States v. Powell*, 7 M.J. 435 (C.M.A.1979), which limits *Keller* to its special facts. As the operative facts in this case are materially different, I dissent to the disposition directed by the majority.

I. *United States v. Powell* and the Effect of a Belated Filing of a Letter of Reasons by a Convening Authority for Rejection of a Recommendation by his Staff Judge Advocate.

In *Powell*, as here, the staff judge advocate recommended that the punitive discharge and other punishments adjudged by the court-martial be suspended. The reviewing authority rejected this recommendation and approved the sentence as adjudged by the court-martial. In forwarding the record of trial to the Judge Advocate General of the Army for submission to the service Court of Military Review, the convening authority did not state, in a letter of transmittal, as paragraph 85c of the Manual provides he "should," the "reasons for his action." *See also* paragraph 91a, Manual, *supra*.

When the record was before the Court of Military Review, the Government filed a document from the convening authority in which he set forth his reasons for rejecting the sentence recommendation of his staff judge advocate. After the Court of Military Review's consideration of the case, this Court granted further review on four allegations of error. 5 M.J. 1134 (1976). The assignment of error IV was as follows:

> The convening authority violated paragraphs 85c and 91a, *Manual for Courts-Martial, United States, 1969 (revised edition)*, by failing to explain in writing the reasons why his action approving the sentence as adjudged was different from his staff judge advocate's recommendation that the discharge and confinement portions of the sentence be suspended.

Appellate defense counsel argued, in regard to assignment of error IV, that the convening authority's letter "came too late" and could not "correct or moot the initial error." From that premise, counsel maintained that the "*Keller* holding and remedy" required return of the record to the Court of Military Review "with directions" to suspend the sentence in accord with "the staff judge advocate's recommendations." Oppositely, government counsel contended that, although late, the convening authority's statement of reasons negated his earlier omission.

In a per curiam opinion, the Court rejected Powell's challenge to the sufficiency of the evidence of his guilt and his claim that crucial evidence was improperly admitted at trial because it was the product of an illegal search. The opinion concluded comment on the other granted issues as follows: "[T]he appellant's remaining contentions are lacking in merit." 7 M.J. at 437. Citing the *Keller* decision, Judge Fletcher dissented "as to issue IV." *Id.*

The arguments of the parties and the dissenting judge's reliance on *Keller* flesh out the skeleton of the *Powell* majority opinion. They reveal the opinion as a repudiation of any construction of the *Keller* decision that would treat the omission of a

---

**1.** 1 M.J. 159 (C.M.A.1975).

**2.** United States, 1969 (Revised edition).

letter of the reasons the convening authority disagreed with a recommendation of his staff judge advocate as an uncorrectable error or as one so inherently or generally prejudicial as to foreclose inquiry into whether an unexplained rejection of a recommendation presents an actual risk of harm to the accused.[3] *Powell's* declaration of principle is in summary form. A decision in that form is nonetheless precedential. The form has been utilized by the United States Supreme Court. *Hicks v. Miranda*, 422 U.S. 332, 343–45, 95 S.Ct. 2281, 2288–90, 45 L.Ed.2d 223 (1975). This Court, too, has had recourse to it. *See United States v. Johnson*, 8 M.J. 233 (C.M.A.1980); *United States v. Guzman*, 4 M.J. 115 (C.M.A.1977), cited in *United States v. Saulter*, 5 M.J. 281, 283 (C.M.A.1978); *Fleiner v. Koch*, 19 U.S. C.M.A. 630 (1969), cited in *McPhail v. United States*, 1 M.J. 457, 459 (C.M.A.1976).

Here, the accused was represented by counsel before the Court of Military Review. He assigned four specifications of error, but made no objection to the absence of a letter by the supervisory authority setting forth his reasons for rejection of the recommendation of his staff judge advocate as to suspension of parts of the sentence. Although a Court of Military Review is bound to review a record without regard to accused's assignments of error, in my book accused's failure to make timely objection before the Court of Military Review constitutes a waiver of the right to claim for the first time in this Court the benefit of the Manual provision regarding such letter. See my separate opinion in *United States v. Iverson*, 5 M.J. 440, 445, 450 (C.M.A.1978); my dissent in *United States v. Brown*, 5 M.J. 454, 456–7 (C.M.A.1978); and the Court's opinion in *United States v. Morrison*, 3 M.J. 408, 409 (C.M.A.1977).

Aside from my view of the consequence of the accused's failure to interpose timely objection, the fact is the statement of reasons is now before us. The supervisory authority is, therefore, no longer in default

and the record is complete. *Powell* determined that receipt and consideration of a belatedly filed letter is proper.

II. A Letter of Reasons is not a Jurisdictional "Prerequisite" to Complete Appellate Review.

The majority hold that the presence in the record of a letter of reasons by a convening authority for rejection of a recommendation by his staff judge advocate is a "prerequisite to complete appellate review by the Court of Military Review and ourselves." That holding of law is directly contrary to earlier decisions on the matter by the Court.

In *United States v. Dean*, 7 U.S.C.M.A. 721, 23 C.M.R. 185 (1957), no letter of reasons by the convening authority for rejection of the staff judge advocate's recommendations was in the record. The Court took note of the absence of the letter (*id.* at 723, 23 C.M.R. at 187), but then proceeded to consider the merits of the legal issue presented by the disagreement between the convening authority and the staff judge advocate. In *United States v. Sippel*, 4 U.S.C.M.A. 50, 52, 15 C.M.R. 50, 52 (1954), one of the issues on which the Court granted review was "whether the convening authority complied with the procedure required by Paragraph 85c, Manual for Courts-Martial, United States, 1951, in taking action different from that recommended by his staff judge advocate." As the majority opinion in this case observes in note 2, the text of the 1951 Manual is the same as that of the current Manual. In his post-trial advice, the staff judge advocate stated that, in his opinion, an instruction on the sentence provided the court members was erroneous and prejudicial; he, therefore, recommended that the convening authority direct a rehearing to correct the error. *Id.* at 60, 15 C.M.R. at 60. The convening authority rejected the recommendation, and indicated in his formal action that his approval of the findings and

---

3. *See United States v. Woods*, 2 U.S.C.M.A. 203, 206 (Brosman, J., concurring), 215 (Latimer, J., dissenting), 8 C.M.R. 3 (1953); Feld, A *Manual of Courts-Martial Practice and Appeal* § 91 (1957).

sentence "was not inadvertent." *Id.* He did not submit a letter setting forth the reasons for his disagreement with the staff judge advocate. The Court concluded that the failure to provide the letter was "of no materiality to the accused" in the appellate review. *Id.* at 61. It reasoned as follows:

> Had the staff judge advocate been correct in his interpretation, we would have been required to grant a rehearing. We have, however, reached a result which is consistent with the act of the convening authority. The absence or presence of a letter in the record neither added to nor detracted from the issue raised before him as it was presented to us in bold relief and it was the only one involved.

In his separate opinion, Chief Judge Quinn disagreed with the majority's "casual treatment of the failure of the convening authority to state his reasons," for rejection of the staff judge advocate's recommendations, but he agreed that the absence of a letter of reasons "may not be the kind of omission that will provide a basis for reversal by this Court." *Id.*

Congress has directed that the action of a court-martial may not be held incorrect for an error of law "unless the error materially prejudices the substantial rights of the accused." Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a). The article propounds what is commonly described as "the harmless error rule." That rule is binding upon this Court and the Court of Military Review. *United States v. Waggoner,* 6 M.J. 77, 79 (C.M.A.1978); *United States v. Young,* 2 U.S.C.M.A. 470, 474, 9 C.M.R. 100, 104 (1953). This Court has acted in conformity with the rule in review of the consequence of a legal error in the convening authority's post-conviction action. *See United States v. Thorpe,* 9 U.S.C.M.A. 705, 26 C.M.R. 485 (1958); *United States v. McDaniel,* 7 U.S.C.M.A. 56, 21 C.M.R. 182 (1956). Consideration of the harmless error rule is particularly appropriate because the perceived omission by the convening authority has been, in fact, corrected.

This case has been before the Court for almost 4 years. As the majority acknowledge, the letter of reasons was submitted without inordinate delay. No question of fact is involved, and the subject matter is not of a kind that the Court of Military Review can, in exercise of its authority under Article 66, UCMJ, 10 U.S.C. § 866, make new findings of fact. Nevertheless, the majority maintain that the record must be remanded to the Court of Military Review because the letter was essential to its "complete . . . review." I emphatically disagree with that view of the nature of the letter and the appellate capability of the Court of Military Review.

The disagreement between the supervisory authority and his staff judge advocate is over suspension of the punitive discharge and part of the period of confinement. The supervisory authority indicates that he rejected the recommendation for suspension because the wrongful transaction with a prohibited substance of which the accused was convicted involved a fellow serviceman, and, thereby the act "undermine[d] the efficiency of the unit." He further indicates that use of the substance by personnel of the air wing was "particularly serious" because of its potential of endangering the lives of others in "a serious air accident."

Nothing in the record suggests, and nothing has been presented in the proceedings in this Court to indicate, that the stated reasons are not bona fide. No suspicion exists that the supervisory authority's rejection of the recommended suspension was really predicated upon a policy, or intention, violative of the Uniform Code of Military Justice. *See United States v. Wise,* 6 U.S.C.M.A. 472, 20 C.M.R. 188 (1955). Nor is there any evidence that hints at a reason that is otherwise unlawful. *See United States v. Duffy,* 3 U.S.C.M.A. 20, 11 C.M.R. 20 (1953). In light of these circumstances, what can the Court of Military Review do?

The majority concede, and indeed it is the rule, that the supervisory authority has the statutory obligation of decision, not the staff judge advocate, and that the supervisory authority can properly reject any rec-

ommendation by the staff judge advocate. As the opinion of Senior Judge Evans in the court below indicates, the court knew the content of the staff judge advocate's post-trial recommendations and the matters upon which they were predicated; and it knew the action of the convening authority.

A Court of Military Review has authority to reassess a sentence in whole or in part,[4] but the court approved the sentence affirmed by the supervisory authority. Its action compels the conclusion that the court considered the approved sentence to be appropriate. As to the absence of suspension, a Court of Military Review has no power to suspend because it believes that suspension of all or part of the sentence may be appropriate. *United States v. Darville*, 5 M.J. 1 (C.M.A.1978). The court can effectuate a suspension that the convening authority was legally bound to, but did not, direct in his action, as in the case of a pretrial agreement for suspension that the accused has complied with. *United States v. Cox*, 22 U.S.C.M.A. 69, 72, 46 C.M.R. 69, 72 (1972).

No suggestion of any such legal obligation appears in the record, and none has been advanced in this Court. The supervisory authority is not now in default. Under *Powell*, his default is no longer a matter for the concern of the reviewing court. The Court of Military Appeals can do nothing about the supervisory authority's decision to reject the recommendation for suspension.

Summarized, all the documents pertaining to sentence that are required by the Manual Rule are before us. These documents demonstrate that the delay in submission of the letter stating the supervisory authority's reasons is utterly harmless to the accused. Article 59(a) requires, and *Dean* and *Sippel* make clear, that in a situation of this kind the delay in submission of the letter must be disregarded. In my opinion, remand of the case to the Court of Military Review for the purpose of looking at the letter is a futile act.

I would affirm the decision of the United States Army Court of Military Review.

4. *United States v. Plummer*, 12 U.S.C.M.A. 18, 30 C.M.R. 18 (1960).