**276**

UNITED STATES, Appellant,

v.

Tommy E. HARRIS, Sergeant, U. S. Marine Corps, Appellee.

No. 39,435.
NCM 80 0231.

U. S. Court of Military Appeals.

March 2, 1981.

1. Tried by special court-martial, the appellant was found guilty of four specifications in viola-

For Appellant: *Lieutenant, Commander Kerry T. Davidson*, JAGC, USN, *Lieutenant Lynn M. Maynard*, JAGC, USNR (on brief).

For Appellee: *Commander T. C. Watson, Jr.*, JAGC, USN, *Lieutenant Commander John C. Vinson*, JAGC, USN (on brief).

*Opinion of the Court*

PER CURIAM:

We heard this case [1] pursuant to a certification from the Judge Advocate General of the Navy. We are directed to the following question: "Was the U. S. Navy Court of Military Review correct as a matter of law where it held that the supervisory authority failed to satisfy the requirements of paragraph 85c, Manual for Courts-Martial, 1969 (Rev.)?"

Appellant's sentence included a bad-conduct discharge, confinement at hard labor, for 4 months, forfeiture of $250 pay per month for 4 months and reduction to pay grade E–1. The convening authority approved the sentence as adjudged, specifically considering the recommendation for clemency from the military judge and a clemency petition submitted by the trial defense counsel. The supervisory authority, likewise, approved the sentence as adjudged, disagreeing with his staff judge advocate's recommendation for clemency. His action was formulated in the following language:

> In taking my action, I considered all requests for clemency appended to this case, to include the recommendation for suspension by the Staff Judge Advocate in his written review. In the view of the serious nature of the offenses, however, I concur with the convening authority and elect not to effectuate clemency in this case.

We agree with the court below that this position is not minimally sufficient under

tion of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

paragraph 85c, Manual, *supra*. The portion of this paragraph requiring justification "becomes operative whenever the convening authority takes an action different from that recommended by his staff judge advocate." *United States v. Keller*, 1 M.J. 159, 160 (C.M.A.1975). Distinguishing between a convening authority and a supervisory authority "is [in this regard] merely a matter of nomenclature." *United States v. Dixson*, 9 M.J. 72, 74 (C.M.A.1980).

> We continue to believe that,
> [r]equiring government officials to justify their actions is a healthy procedure which encourages more effective government and enhances the integrity of any criminal justice system. With this in mind, we reaffirm our previous decisions which have construed the justification provision as mandatory rather than discretionary.

*United States v. Keller, supra.*

Reviewing the action presented in this case we are compelled under *Keller* and *Dixson* to answer the certified question in the affirmative.

COOK, Judge (dissenting):

I would answer the certified question in the negative and reverse the decision of the

United States Navy Court of Military Review.

The court below held the transmittal portion of paragraph 85c, Manual for Courts-Martial, United States, 1969 (Revised edition), was satisfied as the record which contained the supervisory authority's action was forwarded to the Judge Advocate General of the Navy. However, that court further held that the action did not sufficiently state the supervisory authority's reason for his disagreement with the recommendations of the staff judge advocate. I disagree.

The staff judge advocate recommended that a portion of the sentence, including the adjudged bad-conduct discharge, be suspended. In my opinion, the supervisory authority succinctly stated his reason for disagreeing with this recommendation. He did not believe the nature of the offenses warranted a suspension of the sentence. Accordingly, I would hold that the supervisory authority complied with the requirement imposed by a majority of this Court in *United States v. Dixson*, 9 M.J. 72 (C.M.A. 1980), and *United States v. Keller*, 1 M.J. 159 (C.M.A.1975).*

---

\* I dissented in *United States v. Dixson*, 9 M.J. 72, 75 (C.M.A.1980), and *United States v. Keller*, 1 M.J. 159, 161 (C.M.A.1975), on the basis that paragraph 85c, Manual for Courts-Martial, United States, 1969 (Revised edition), did not impose the requirement envisioned by the majority.